**STATE of Iowa, Appellee,**

v.

**Francisco GONZALEZ, Appellant.**

No. 97–332.

Supreme Court of Iowa.

July 29, 1998.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, Richard D. Phillips, County Attorney, and Richard D. Westphal, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

PER CURIAM.

The defendant, Francisco Gonzalez, was charged with four counts of delivery of a controlled substance (cocaine) in violation of Iowa Code sections 124.206(2)(d)(1) and 124.401(1)(c)(2)(b) (1995) and four counts of failure to affix a drug tax stamp in violation of Iowa Code sections 453B.1, .3, .7, and .12. Pursuant to a plea agreement, he pled guilty to three of the delivery charges (counts I, III, and VII) and the five remaining counts were dismissed (counts II, IV, V, VI, and VIII).

At the sentencing hearing the judge stated:

I have reviewed the presentence investigation in this matter. I am familiar with the file and have previously reviewed the Minutes of Testimony. While it is true that the presentence investigation does indicate Defendant has no prior felony record, the concession provided in the plea agreement provides for actually the dismissal of, what would probably be easily provable, five additional counts, so there is a substantial concession that's already been made to the defendant.

The court rejected the defendant's request for probation and granted the State's recommendation to impose a combination of consecutive and concurrent sentences which would result in a total indeterminate prison term of twenty years.

On appeal, the defendant argues the sentencing court erred in considering unproven charges that were dismissed pursuant to the plea agreement. He asks that his sentences be vacated and the case be remanded for resentencing.

Our review is for the correction of errors at law. Iowa R.App. P. 4. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors. *State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983).

A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it. *See State v. Mateer,* 383 N.W.2d 533, 538 (Iowa 1986); *State v. Black,* 324 N.W.2d 313, 315–16 (Iowa 1982); *State v. Messer,* 306 N.W.2d 731, 732–33 (Iowa 1981). The sentencing court's statement clearly indicates it considered the fact that five counts (four drug tax stamp charges and one delivery charge) had been dismissed. The sentencing judge observed that the dismissed counts would "probably be easily provable" and he characterized their dismissal as a "substantial concession that's already been made to the defendant." Because our analysis differs with respect to the dismissed delivery and drug tax stamp offenses, we will address them separately.

### Count V—Dismissed Delivery Charge.

The defendant pled guilty to three delivery offenses (counts I, III, and VII) all of which occurred on 42nd Street in Muscatine. The fourth delivery offense (count V), which was dismissed, was alleged to have occurred on East 6th Street in Muscatine.

In his statements to the presentence investigator, the defendant implicated himself in both the 42nd Street and the East 6th Street offenses. The following are the relevant portions of the PSI report.

Defendant's Version:

I interviewed the defendant for this investigation on January 3, 1997, and he gave a verbal statement regarding his crimes. The defendant stated that on two occasions on 42nd Street in Muscatine, he assisted in the sale, in each instance, of two ounces of cocaine. In each instance, he said he earned $500 profit. He advised that on a third occasion, at 911 East 6th Street in Muscatine, he assisted in the sale of two ounces of cocaine and made a profit of $400.

. . . .

In a telephone conversation with the defendant on January 16, 1997, I explained to him that the Court record indicated that he did not plead guilty to the aforementioned crime at 911 East 6th Street but that he had instead plead [sic] guilty to a November 28, 1995, drug transaction which occurred at 6108—42nd Street in Muscatine. The defendant acknowledged that there was a possibility that he was confused as to what crimes he had actually plead [sic] guuilty [sic] to.

When the sentencing hearing commenced, defense counsel confirmed that both he and the defendant had received the PSI report, had read it, and had no material corrections to make. The defendant did not object to that portion of the PSI report which included his admission that he had assisted in the sale of cocaine on East 6th Street, and the sentencing court was free to consider it. *See State v. Townsend,* 238 N.W.2d 351, 358 (Iowa 1976) (sentencing court properly considered unchallenged matters in PSI report).

The defendant's statements to the PSI investigator constitute an admission of his participation in the delivery offense which occurred on East 6th Street. The district court did not abuse its discretion in considering that dismissed charge when sentencing the defendant.

***Counts II, IV, VI, and VIII—Dismissed Drug Tax Stamp Charges.***

A review of the record reveals the defendant never admitted the drug tax stamp offenses. The State argues the minutes of testimony contain repeated references to the absence of drug tax stamps and the minutes constituted sufficient facts to show the defendant had committed those offenses.

 We have previously held that minutes of testimony attached to a trial information do not necessarily provide facts that may be relied upon and considered by a sentencing court. *Black,* 324 N.W.2d at 316. Minutes can be used to establish a factual basis for a charge to which a defendant pleads guilty. *Id.* "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *Id.* Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them. *See id.*

 The portions of the minutes referring to the absence of drug tax stamps were not necessary to establish a factual basis for the defendant's pleas of guilty to the three delivery charges. The sentencing court improperly considered the dismissed drug tax stamp charges. We cannot speculate about the weight a sentencing court assigned to an improper consideration and the defendant's sentences must be vacated and the case remanded for resentencing. *See id.; Messer,* 306 N.W.2d at 733.

**SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.**

All justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I dissent.

There should be a limit as to how far a court must go in not accepting as true that which all others know to be true. This defendant was charged with four counts of delivery of cocaine and four counts of failing to affix a drug tax stamp to the controlled

substance. The latter four charges each assert a violation of Iowa Code section 453B.3 (1995). The four drug stamp violations relate to the substances involved in each of the four separate delivery charges. The defendant pleaded guilty to three of the delivery charges and admitted to the presentence investigator that he was guilty of the fourth.

This court accepts the fact that the sentencing judge could consider the fact that defendant had also committed the fourth delivery violation because he admitted this to the presentence investigator. But, it holds that the sentencing judge could not consider the concession made to the defendant in dismissing the four tax stamp charges (all class "D" felonies), which the sentencing judge declared "would probably be easily provable."

It is common knowledge that drug traffickers do not advertise their activities by buying the drug tax stamp mandated by section 453B.3. The unlikelihood that the tax was paid and the stamps affixed in these four instances is so great as to render defendant's guilt of these four felonies virtually certain. I submit that the district court did not act improperly in concluding that the charges would probably be easily provable. I would not disturb defendant's sentence.