# IN THE COURT OF APPEALS OF IOWA

No. 13-1817
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES WILLIE JENNINGS JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers, District Associate Judge.

James Jennings appeals from the sentence imposed following his guilty plea to second-offense domestic abuse assault causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Patrick Chambers, County Attorney, and Jon Beaty, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

James Jennings pled guilty to second-offense domestic abuse assault causing bodily injury. The district court sentenced him to a term of imprisonment not exceeding two years. On appeal, Jennings contends the sentencing court (1) "improperly considered the unproven and unadmitted allegation that Jennings 'fled from the cops'" after the assault and (2) "abused its discretion by imposing rather than suspending the sentence of incarceration."

**I.**     "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998).

At the sentencing hearing, the prosecutor recommended that Jennings be placed on probation and be sent to a halfway house, a sentence that was consistent with a sentence for a drug-related crime imposed in another county. Jennings' attorney similarly sought to have the prison term suspended.

Before pronouncing sentence, the district court distinguished the domestic abuse crime with the drug-related crime in the other county, as follows:

> Well, [this crime is] also [a] largely different charge, correct me if I'm wrong, he was just sentenced down in Story County for a substance abuse related charge, so it would make sense that maybe that sentencing judge determined that halfway house and substance abuse treatment would be appropriate whereas here we have a domestic abuse where he punched his wife or girlfriend in the face causing her to bleed and then *fled from the cops.*

(Emphasis added).

Jennings asserts that the court's last four words—"fled from the cops"— referred to an unproven charge because "fleeing from law enforcement is not an

element of [second-offense domestic abuse assault]." He concedes that the minutes of testimony made reference to his flight but notes that he "did not plead guilty to the separate interference with official acts charge" that was predicated on his flight and that charge was eventually dismissed.

Jennings is correct that flight is not an element of the domestic assault charge to which he pled guilty and the charge to which his flight related was dismissed. Jennings is incorrect that the district court considered his flight in sentencing him. The court mentioned this fact in the context of distinguishing the domestic abuse assault charge from the drug charge in Story County. Just after making the reference, the judge reiterated his key concern: "[T]here's a difference between a drug charge and a domestic assault." The court's focus was not on the fact that Jennings fled the scene but on the violence inherent in the domestic assault crime relative to the drug crime. This distinction became clear when the court pronounced sentence. After committing Jennings to a prison term, the court stated:

> The question was raised that begs the question why, if I do something different than was done on your Class C felony case in Story County, Mr. Jennings, and the difference is that this is not a substance abuse related offense, which is what you were sentenced for in Story County and you have an extensive substance abuse criminal history and so if that's what the sentencing judge did there, that would be certainly within his discretion and I'm not second guessing that in any way, shape, or form. I don't know what information he had available to him, but I'm sure he did what he thought was appropriate under the circumstances. That is not the case here. We have a crime of violence against a domestic partner, this is not your first time doing that. It's your second time doing that. It's a second domestic and you also had a recent assault back in 2013, which is also a crime of violence coupled with the incredibly extensive criminal history that you've had over the last 23 years, which involves commission of a Class C felony in 2013, an assault in 2013, a prior domestic

assault, and a serious assault here. Under the circumstances, I don't view this at all as second guessing what the District Court did in your Story County case, since this is a completely different type of crime and involves a crime of violence against another human being and under all those circumstances, after taking into account your criminal history, your age, your employment circumstances, any other facts and circumstances made known to me, I believe this to be the appropriate disposition of your case. I do believe this sentence provides for your rehabilitation and the protection of the community. I have taken into account the sentencing recommendations of the parties, but believe this to be a more appropriate disposition of your case.

We conclude the court did not consider the unproven, dismissed charge or the fact of Jennings's flight.

**II.** Jennings next contends the district court abused its discretion in sentencing him to prison. *See State Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (setting forth standard of review). He notes that most of his convictions "were quite old." He also asserts that placement in a residential correctional facility "would have permitted [him] to properly address the substance abuse issues."

The district court cogently explained why Jennings' recent criminal history was relevant to the sentencing decision and why Jennings's assaultive conduct warranted a prison term. We conclude the district court did not abuse its discretion in sentencing Jennings to prison.

We affirm Jennings's judgment and sentence.

**AFFIRMED.**