# IN THE COURT OF APPEALS OF IOWA

No. 15-0336
Filed November 25, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL DEAN WILSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport (plea) and Gregg R. Rosenbladt (sentencing), Judges.

Michael Wilson appeals from the sentences imposed upon his pleas of guilty. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Michael Wilson appeals from the sentences imposed upon his pleas of guilty. "Our review is for correction of errors at law." *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998).

To resolve four criminal cases charging Wilson with numerous offenses, the State and Wilson entered into a plea agreement: Wilson would plead guilty to possession of methamphetamine (third offense as an habitual offender), two counts of burglary in the third degree (as an habitual offender), criminal mischief in the second degree (as an habitual offender), and arson in the second degree. Wilson would be responsible for victim restitution and costs. The State would dismiss all other charges, recommend the minimum fine on the arson conviction, and recommend that the sentences for all but two offenses would run consecutively, for a term not to exceed fifty-five years. Wilson was free to make his own sentencing request. The court accepted his pleas.

A sentencing hearing was held, after which the court adopted the sentencing recommendation of the State, running the sentences consecutively except for the two sentences for third-degree burglary and second-degree criminal mischief, which were run concurrently, for a total of fifty-five years. The sentences subject to the habitual offender enhancements each had a mandatory minimum of three years. The court imposed the minimum fine in the arson conviction and ordered Wilson to pay restitution to the victims. On appeal, Wilson contends the district court improperly relied upon an unproven offense. *See id.* at 516 ("A court may not consider an unprosecuted or unproven offense

when sentencing a defendant unless (1) the facts before the court showed the accused committed the offense or, (2) the defendant admits it.").

Wilson claims the use of an unproven offense in sentencing is evidenced by the court's statement when it provided its reasons for imposing consecutive sentences:

> I also want to state of record here as part of the reasoning for the consecutive sentences that these are all fairly—except possibly for the possession charge itself—dramatic offenses, *involved stealing a motor vehicle*, setting the motor vehicle on fire, stealing an ATM machine from a business and breaking into a pharmacy and taking prescription medications. So all these are dramatic offenses that are dangerous to society. And they do indicate, frankly, Mr. Wilson, that your drug use was way out of control at the time causing you to do these dramatic things.

(Emphasis added.) Wilson argues he did not admit to stealing a motor vehicle.

The State responds that Wilson was charged with and pled guilty to one count of second-degree arson. Arson is defined in Iowa Code section 712.1 (2013) as:

> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property is actually destroyed or damaged. Provided, that where a person who owns said property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, consented to the defendant's acts, and where no insurer has been exposed fraudulently to any risk, and where the act was done in such a way as not to unreasonably endanger the life or property of any other person the act shall not be arson.

*See also* Iowa Code § 712.3 ("Arson which is not arson in the first degree is arson in the second degree when the property which is the subject of the arson is a building or a structure, or real property of any kind, or standing crops, or is

personal property the value of which exceeds five hundred dollars."). Thus, the State was required to prove Wilson caused a fire to property that he intended to destroy or damage, the value of which exceeded $500, and that he did not own or have the consent of the owner of the property to damage or destroy it.

In establishing a factual basis, Wilson admitted to the district court that on October 28, 2014, he "was driving a truck that was previously taken," and while he was messing with the wires in the dashboard, "sparks flew all over" and started a fire damaging the truck. He fled the scene without attempting to put out the fire, and he intended to cause damage to the property. A written guilty plea filed at the time of the colloquy, provided, in part:

> I admit on or about October 28, 2014, in Cerro Gordo County, IA, I, caused a fire, in or near a motor vehicle owned by Northern Stone and Landscape property with the knowledge that such property will probably be destroyed or damaged. The property which I knowingly endangered [was] personal property with a value exceeding $500.
> The Court may rely on the Minutes of Testimony as a further factual basis.

The minutes provide that an employee for Northern Stone and Landscape—the owner of the vehicle—would testify that the vehicle was stolen by the defendant on October 27, 2014, and that the vehicle's worth was more than $1000.

We find no error. The admitted conduct and the minutes of testimony, which Wilson agreed could be considered, establish the taking and destruction of another's property. We affirm.

**AFFIRMED.**