# IN THE COURT OF APPEALS OF IOWA

No. 15-1853
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAMARIO JOHNSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, William L. Dowell, Judge.

A defendant appeals the sentences received for charges of possession of a controlled substance with intent to deliver and ongoing criminal conduct involving specific unlawful activity. **AFFIRMED.**

William R. Monroe of the Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Damario Johnson pled guilty to charges of possession of a controlled substance with intent to deliver and ongoing criminal conduct involving a specified unlawful activity. Johnson was sentenced accordingly, and he has appealed the sentences.

## I.      Factual Background

The Burlington Police Department used a confidential informant to conduct a series of controlled drug buys from Johnson. The first buy took place on May 21, 2015, and three more buys were conducted, with the last taking place on July 17, 2015. In each transaction the controlled substance was cocaine. After the last transaction, the officers obtained a search warrant to search Johnson's residence, and the search uncovered ecstasy tablets, crack cocaine, powder cocaine, and a loaded handgun. Johnson was charged with four counts of delivery of a controlled substance, three counts of possession of a controlled substance with intent to deliver, and one charge of ongoing criminal conduct of a specified unlawful activity, for which the predicate offenses were the charges of possession with intent to deliver.

A plea offer was made providing that if Johnson entered the plea of guilty to specified ongoing criminal conduct and one of the charges of possession of a controlled substance involving cocaine, the remaining charges would be dismissed. The plea agreement allowed both Johnson and the State to make any sentencing recommendation they desired. The offer was accepted, pleas of guilty were entered to the two charges, and all the other charges were dismissed. As a part of the plea proceeding, Johnson admitted the four sales of cocaine

supporting the ongoing criminal conduct charge. A presentence investigation (PSI) report was ordered. The PSI report reflected that Johnson had been charged seventeen different times but only twelve of the charges had resulted in a conviction.

At sentencing, the court acknowledged the plea agreement, the entry of the plea, and the receipt of the copy of the PSI. Johnson's counsel made some minor objections to the PSI. Johnson was asked if there was any reason the sentence should not be pronounced, and Johnson said, "No." The court then stated, "It is now ordered adjudged, and decreed that the defendant is guilty of the crime of acts of specific unlawful activity . . . also possession of a controlled substance with intent to deliver." The State then made a recommendation of incarceration. The State further requested a twenty-five-year sentence on the charge of ongoing criminal conduct and ten years on the charge of possession of cocaine with intent to deliver, with the sentences to run concurrently. Johnson's counsel recommended a deferred judgment or, if not acceptable to the court, probation with placement at a residential facility, as had been recommended in the PSI report. The court offered Johnson his right of allocution, but he declined the invitation.

The court sentenced Johnson to a twenty-five-year term and a ten-year term, a fine, and other financial obligations not material to this appeal. Johnson appealed. In his pro se brief, Johnson contends that by reciting the finding of guilt before his counsel had the opportunity to make counsel's recommendation of a deferred judgment, Johnson was in fact denied the possibility of receiving a deferred judgment. He also contends that because the PSI report referred to

charges that did not result in convictions, the court relied on unproven offenses in its sentencing.

## II.     Preservation of Error

The State does not contest error preservation.

## III.     Standard of Review

Sentences are reviewed for corrections of law and will not be reversed absent an abuse of discretion or some defect in the sentencing procedure. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## IV.     Discussion

Johnson's primary complaint stems from an understandable misconception. The court announced he was guilty before even hearing his request for a deferred judgment. Johnson's position is the court's statement of guilt foreclosed the deferred judgment even before the court had heard his reasons for asking for one. As he expresses it, "the court put the cart before the horse."

Iowa Code section 901.5(1) (2015) authorizes a deferred judgment as a sentence alternative. A deferred judgment is not a deferred prosecution, which is primarily a nonjudicial procedure sometimes employed by prosecutors. A deferred judgment is available after the verdict is rendered and not until then. Johnson quotes a myriad of authorities, but none hold that a deferred judgment is available only before a party has been found guilty or that a deferred judgment is not available after a finding guilt under Iowa law.

As to Johnson's second issue, a court is not permitted to rely on unproven and unadmitted offenses in the determination of an appropriate sentence. *See*

*State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). However, for Johnson to obtain relief, he must affirmatively show that the court did in fact rely on an unproven or unadmitted offense in determining his sentence. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). Johnson admitted four predicate charges of possession with intent to deliver that were the basis of the charge of ongoing criminal conduct. It is true the PSI listed seventeen arrests and only twelve convictions. The court gave its reasons for the sentence and did not indicate any reliance on the seventeen arrests. The presumption is that the court properly exercised its sentencing discretion. *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990). Nothing to the contrary has been shown.

We affirm Johnson's convictions and sentences.

**AFFIRMED.**