**IN THE COURT OF APPEALS OF IOWA**

No. 16-0877
Filed March 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EARL A. GRIFFIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Henry County, Cynthia H. Danielson (plea) and John G. Linn (sentencing), Judges.

        The defendant appeals from his sentence for possession with the intent to deliver (marijuana), as an habitual offender.  **AFFIRMED.**

        William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Earl Griffin appeals from his sentence for possession with the intent to deliver (marijuana), as an habitual offender. He maintains the sentencing court considered crimes to which he did not admit and that were not proved. He asks that we remand for resentencing. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). We consider Griffin's claim for correction of errors at law. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). We will only upset the sentence on appellate review if "the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *Id.*

On February 12, 2016, Griffin was charged by trial information with failure to affix a drug tax stamp (count I) and possession with the intent to deliver (marijuana) (count II); the State asserted the habitual-offender enhancement applied to each charge. Shortly thereafter, Griffin entered into a plea deal with the State whereby he agreed to enter a guilty plea for the charge of possession with intent to deliver. In return, the State agreed to dismiss count I and agreed any sentence Griffin received for the charge would run concurrent "to the sentence that may be reimposed on the Defendant as a result of a parole violation on previous charge." The court ordered a presentence investigation (PSI) report, and sentencing was set for a later date.

At sentencing, on May 2, 2016, the court asked Griffin and his counsel if there were any additions or corrections to the PSI report. Griffin responded that one of his listed children was no longer living and claimed that after being unsuccessfully discharged from alcohol and drug dependency services—as the

latest report stated—he had reengaged with services. Griffin did not object to any other parts of the PSI report, and he did not claim any other statements in the report were inaccurate.

The State recommended "confinement," in accordance with the PSI report's recommendation, "based on [Griffin's] history, the nature of this crime, and the other reasons as set forth in the PSI." Griffin asked the court to place him on supervised probation. The court then stated:

> Mr. Griffin, in making a sentencing decision, the Court should do that which would provide the maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
>
> In making my sentencing decision, I've carefully reviewed the Presentence Investigation. I've taken into consideration the comments of the attorneys, your comments, and before coming in the courtroom, I reviewed the electronic file to see what all was on the docket.
>
> In connection with making a sentencing decision, it's my job to announce the reasons or the factors I considered in sentencing.
>
> In this case, only a few factors support probation; a very long list of factors support a sentence of confinement.
>
> . . . .
>
> The Court would note that the report from the probation/parole office is that the defendant has not done well on parole supervision and pretrial release. The Court notes that this defendant does not have his high school diploma or a GED. He owes a fairly substantial amount of money to the judicial branch, and the purpose of considering that element is only that a fine wouldn't deter this defendant; he simply wouldn't pay it.
>
> . . . .
>
> The Court would note that this defendant has had offered to him quite a few community-based corrections programs already. This defendant was on parole supervision at the time he committed this felony, and this is his third felony, because he's an habitual offender.
>
> This defendant has a lengthy record of criminal convictions. There are traffic convictions, which aren't a big deal, but, still, there's a number. The defendant was convicted of delivery of marijuana in 2007, again in 2008, again in 2010, and then there's the conviction now.

Finally, the Court notes that the probation office, who would be in charge of supervising and trying to rehabilitate this defendant, recommends confinement.

Mr. Griffin, you seem like an awfully nice guy and you're sincere, but you can't keep having felony convictions and not expect to be punished. Punishment is progressive, which means it's greater every time a person repeats that behavior that got them in trouble in the first place, and I get the idea that if you didn't learn your lesson the first, second, or third time, maybe you'll learn it the fourth time. I don't like sending nice guys to prison, but your record is just—it's so serious that I have to.

It is the order and judgment of this Court acting pursuant to the provisions of Iowa Code Sections 124.401(1)(d), 902.8, and 902.9 of the [2016] Code of Iowa that the defendant be and he is hereby committed to the custody of the Iowa Department of Corrections for a term of not to exceed 15 years, and to pay the cost of prosecution.

Griffin maintains the court explicitly relied on statements from Griffin's parole officer regarding "other crimes" that Griffin may have committed in deciding his sentence. Griffin notes that part of the PSI report contains the following statements:

[Griffin's parole officer] reported the following regarding the defendant's supervision:

Earl is currently on parole supervision for the following cause numbers: FECR006435, FECR006204, & FECR006015 (Henry County).

On 08/26/2015, Mr. Griffin was placed on pretrial supervision for cause number FECR007252 (Henry).

Since being placed on parole supervision, Mr. Griffin has continued to use marijuana and has admitted to the use of marijuana.

On 01/09/2014 during a regularly scheduled meeting, the defendant stated he was involved in a vehicle accident on 01/02/2014. The defendant stated he was driving his girlfriend's car and wrecked. He received 2 citations, Driving While Revoked and Failure to Maintain Control. Both citations were dismissed in Henry County, Iowa.

On 06/05/2015, Earl was arrested for a number of charges that can be found his Parole Violation Review dated 08/27/2015. Earl failed to report to his Parole Officer within 24 hours that he had contact with law enforcement and was arrested on new charges (Earl had contact with law enforcement on 06/05/2015).

On 08/25/2015, Mr. Griffin was arrested for Failure to Affix Drug Stamp (FECR007252- Count I) and Controlled Substance Violation (FECR007252- Count II). Mr. Griffin was transported to the Henry County Jail in Mt. Pleasant, Iowa.

On 09/22/2015, a residence check was completed and a smoking device (pipe) was found. The pipe was seized as evidence and turned over to the Henry County Sheriff's Office.

Mr. Griffin has failed to make monthly payments on both his Court Fines and his Supervision Fee payments.

Mr. Griffin is currently attending Level 1.0 Extended Outpatient Treatment at Alcohol Drug Dependency Services in Mt. Pleasant, Iowa and is working full-time at Shottenkirk in Mt. Pleasant, Iowa.

First, we note that some of the above statements are purported to be based on admissions made by Griffin, and when asked if there were any corrections to the report, Griffin did not challenge the claim that he admitted to his parole officer he was continuing to use marijuana and was driving his girlfriend's car when he was in an accident. The court is allowed to consider actions the defendant admits doing. *See Gonzales*, 582 N.W.2d at 517 ("The defendant's statements to the PSI investigator constitute an admission of his participation in the delivery offense. . . . The district court did not abuse its discretion in considering that dismissed charge when sentencing the defendant.").

Additionally, insofar as the statement contains unproven or dismissed charges, we have no reason to believe the sentencing court relied on them. Griffin focuses on the court's statement, "The Court would note that the report from the probation/parole office is that the defendant has not done well on parole supervision and pretrial release." But one need not rely on the unproven offenses to reach that conclusion. Another part of the PSI report notes that the "[d]efendant was on parole at the time this instance offense was committed."

Under "sentencing recommendation," the preparer of the PSI report states, "It does not appear that past probation, prison, or parole sentences have deterred Mr. Griffin from engaging in criminal behavior. Although the Iowa Risk Assessment-Revised indicates that he presents a low risk to reoffend, a prison sentence in this cause is justifiable." Moreover, the court—as well as Griffin's parole officer—were aware that Griffin had been unsuccessful during parole, as the plea agreement between the State and Griffin stated the sentence for the present case was to run concurrent with his sentence that was being reinstated due to his violation of his parole and the subsequent revocation.

The court is charged with imposing the sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant." *See* Iowa Code § 901.5. "Some of the factors pertinent to this determination include the defendant's character, his propensity to reoffend, and his chances for reform." *State v. Knight*, 701 N.W.2d 83, 86–87 (Iowa 2005). While the court must not consider unproven offenses, the court should consider whether there is (or is not) reason to believe the defendant can be rehabilitated and the community protected if the defendant is given probation. *See* Iowa Code § 901.5. Here, Griffin's lack of success during previous, similar opportunities is an appropriate factor to consider. *See State v. Wilson*, No. 10-1324, 2011 WL 2419918, at *2 (Iowa Ct. App. June 15, 2011) ("It was proper for the court to consider whether the minimal supervision probation offers would provide the maximum opportunity for the rehabilitation of the defendant, and provide protection for the community from further offenses.").

Because Griffin has not established the court relied on inappropriate factors or unproven offenses when sentencing him, we cannot say the district court erred. We affirm the sentence imposed by the district court.

**AFFIRMED.**