# IN THE COURT OF APPEALS OF IOWA

No. 17-0973
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**COLLIN RUSH BRANTLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.


        Collin Rush Brantley appeals his sentence following a plea to possession of a controlled substance arguing that the district court erred by imposing a suspended sentence with probation rather than a deferred judgment. **AFFIRMED.**


        Stuart G. Hoover of Blair & Fitzsimmons, PC, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

Twenty-four-year-old Collin Rush Brantley pled guilty to possession of a controlled substance (cocaine base) with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(3) (2016) (Count I).[1] The district court sentenced him to a prison term not exceeding twenty-five years, imposed a mandatory minimum term of ten years, but suspended the sentence and placed him on probation for five years. On appeal, Rush Brantley contends "the district court erred by refusing to grant a deferred judgement to [him], and instead granting a suspended sentence with a mandatory minimum if revoked." Because the district court's sentence fell within statutory limits, our review is for an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 443–44 (Iowa 2006).

The district court considered the defense's request for a deferred judgment as well as Rush Brantley's relative youth. The court acknowledged Rush Brantley did not "have the same opportunities that other folks had to learn some things as a young man." But the court found the need for "some accountability," given previous time served in prison and unsuccessful efforts at rehabilitation. The court concluded this was not "an appropriate case for a deferred judgement" and denied "that request because of the seriousness of the offense and the criminal history." We discern no abuse of discretion in the court's statement of reasons.

In reaching this conclusion, we have considered Rush Brantley's contention that the presentence investigation report incorrectly stated he was ineligible for a deferred judgment. The prosecutor addressed this error at the outset. He stated,

---

[1] Iowa Code § 124.401(1)(b)(3) (effective July 1, 2014 to June 30, 2017).

"Your Honor, the presentence investigation is incorrect about Mr. Rush Brantley's status vis-à-vis a deferred judgement. He is, in fact, eligible." Because the error was corrected before the court imposed sentence, we find the argument unpersuasive.

We are similarly unpersuaded by Rush Brantley's suggestion that the district court improperly relied on dismissed charges. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998) ("A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it."). The prosecutor expressly exhorted the court not to consider the dismissed charges, stating:

> [Rush-Brantley] does not have at this time any prior felony convictions. He did have a felony conviction . . . which was reversed on appeal and later dismissed and he had a felony conviction . . . that was set aside in a post-conviction-relief action after his arrest in this case. So he doesn't have any prior offenses which would disqualify him from consideration for a deferred judgement.

Later, in summarizing Rush Brantley's criminal history, the prosecutor reiterated that a "robbery charge was overturned on appeal and dismissed, and of course that aspect of that incident is not relevant to these proceedings." He stated a second conviction "was set aside in post conviction relief and again does not bear on the sentencing as far as it being a conviction." The district court did not rely on either offense in sentencing Rush Brantley.

Finally, we have considered Rush Brantley's assertion that the district court should have declined to impose a ten-year mandatory minimum sentence in light of a recent legislative change that "allow[s] a court to reduce the mandatory

minimum from one-third of the maximum, to one-half of one-third." *See* Iowa Code §124.413(3) (2017).[2]  The change took effect on July 1, 2017, after the date of the crime to which Rush Brantley pled guilty.  Nonetheless, the prosecutor informed the district court of the statutory amendment and characterized "the range of the mandatory determinate minimum sentence" as "very broad now."  In imposing Rush Brantley's sentence, the district court stated, "[W]hen I came into court, the number that was kind of in my head for somebody that I thought needed to do this was ten years for a mandatory minimum."  As noted, the court imposed the ten-year mandatory minimum sentence.  We discern no abuse of discretion or error in the court's application of the statute.

We affirm Rush Brantley's conviction, judgment, and sentence.

**AFFIRMED.**

---

[2] Section 124.413(3) was amended in 2017 to state:
> A person serving a sentence pursuant to section 124.401, subsection 1, paragraph "b", shall be denied parole or work release, based upon all the pertinent information as determined by the court under section 901.11, subsection 1, until the person has served between one-half of the minimum term of confinement prescribed in subsection 1 and the maximum indeterminate sentence prescribed by law.