# IN THE COURT OF APPEALS OF IOWA

No. 19-0751
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW GENE SPAANS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Sioux County, Jeffrey L. Poulson, Judge.

        Matthew Spaans appeals from his sentence for four counts of child endangerment. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., Doyle, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

Matthew Spaans appeals his sentence following his guilty plea to four counts of child endangerment.[1] Spaans seeks resentencing because he alleges the State violated the plea agreement and the district court considered improper sentencing factors. He also argues the district court improperly ordered restitution without determining his ability to pay. We affirm in part, reverse in part, and remand.

## I. The State's Sentencing Recommendation

First, Spaans alleges the State violated the plea agreement when making its sentencing recommendation. Spaans failed to object to the State's recommendation at sentencing, so he asks us to review his claim within the ineffective-assistance framework.[23] We review ineffective-assistance claims de

---

[1] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). Because this appeal was pending on July 1, 2019, the amendments "do not apply" to this case. *See id.*

[2] In the alternative, Spaans asks us to adopt the plain-error rule to review his claim on appeal. But our supreme court has repeatedly declined to adopt the plain-error rule. *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) (noting the supreme court has "repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule'" (citation omitted)). As an intermediate appellate court, we cannot adopt a doctrine repeatedly rejected by our superior court.[2] *See State v. Beck*, 845 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

[3] Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d at 235. Because this appeal was pending on July 1, 2019, the amendments "do not apply" to this case. *See id.*

novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Generally, ineffective-assistance claims are preserved for postconviction relief so the record can be fully developed. *Id.* But when the record is adequate, the claim may be resolved on direct appeal. *Id.*

To succeed on an ineffective-assistance claim, a defendant must prove by a preponderance of the evidence that counsel failed to perform an essential duty and constitutional prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, a defendant must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If a defendant cannot prove either prong, we need not address the other. *See id.*

The first prong of the ineffective-assistance test requires Spaans to demonstrate "counsel's representation fell below an objective standard of reasonableness." *State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017) (citation omitted). We consider whether counsel acted "outside the wide range of professionally competent assistance." *Id.* (citation omitted). We presume counsel acted reasonably. *See id.* "[C]ounsel has no duty to raise an issue that lacks merit . . . ." *Id.* So we consider if Spaans's claim has merit. *See id.*

Here, the plea agreement provided the State would recommend:

- [Spaans] be placed in the custody of the Director of the Iowa Department of Corrections for an indeterminate term of incarceration not to exceed two (2) years on each count. Count 1 and Count 2 run concurrent while Count 3 and Count 4 each run consecutive to Counts 1 and 2, for a total indeterminate term not to exceed four (4) years; or in the alterative, a jail term to be determined by the court;

- For each count, a $625 fine, 35% statutory surcharge ($218.75), and court costs of $100.00. If the court imposes a prison sentence the State will recommend all fines be suspended;
- The no contact orders protecting B.N. and P.S. be extended for five (5) years. The State would recommend the no contact order protecting E.S. be dismissed by the district court.

When given an opportunity to make a sentencing recommendation at the sentencing hearing, the prosecutor stated, "The State simply relies on the State's sentencing memorandum and request for judicial notice." The State's sentencing memorandum provided:

> The State respectfully recommends that [Spaans] be sentenced to an indeterminate term of incarceration not to exceed four (4) years. If the court imposes any prison sentence, the State will recommend all fines be suspended. If the court declines to enter prison sentences, the State will recommend, in the alternative, a jail term to be determined by the court, along with a $625 fine, 35% ($218.75) statutory surcharge, and court costs of $100.00 be imposed against [Spaans] for each count. Finally, the State recommends the no contact order protecting B.N. and P.S. be extended for five (5) years, while the no contact order protecting E.S. be dismissed by the district court.

The sentencing court confirmed it reviewed the State's sentencing memorandum.[4] The sentencing court sentenced Spaans in accordance with the State's recommendation.

Spaans contends the State violated the plea agreement by not articulating its recommendation in detail on the record and actively advocating for it at the sentencing hearing.

> It is clear that the State's promise to recommend specific sentences to the court requires the prosecutor to present the recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the

---

[4] The sentencing court also said it reviewed the transcript of an earlier sentencing hearing where the prosecutor stated the same sentencing recommendation on the record.

recommended sentences are supported by the State and worthy of the court's acceptance.

*State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999). "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015).

Here, the State's memorandum explicitly relied upon by the prosecutor at sentencing comports with the terms of the plea agreement, including references to lesser alternative sentences that overlapped with Spaans's own sentencing recommendation. Further, the memorandum made clear the State endorsed its sentencing recommendation. This is not an instance of the State acknowledging an agreed upon sentencing recommendation and then advocating for a harsher sentence. *See State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008); *State v. Burgess*, No. 18-1793, 2020 WL 109579, at *5 (Iowa Ct. App. Jan. 9, 2020) (finding the State did not breach a plea agreement because "the prosecutor did not propose alternative sentences, request a more appropriate sentence rather than the agreed-upon suspended sentence, make a recommendation and then remind the court it is not bound by the plea agreement, or emphasize the more severe punishment recommended by the PSI author"). Nor did the State express any reservation regarding its sentencing recommendation during the sentencing hearing or within the memorandum. *See Frencher*, 873 N.W.2d at 285. Furthermore, Spaans received the benefit of the State's recommendation as the

court sentenced him in accordance with the plea agreement as reflected in the State's sentencing recommendation. *See Burgess*, 2020 WL 109579, at \*5 (noting the defendant received the benefit of the State's sentencing recommendation).

Finally, in this instance, we are not troubled that the State made its recommendation by referencing a sentencing memorandum rather than stating its recommendation on the record because the court confirmed it was aware of the memorandum and its contents. Since the court acknowledged it was aware of the memorandum and its contents, we see no practical difference between an oral pronouncement of the State's recommendation and the State directing the court to the written recommendation of the same.

We conclude the State did not breach the plea agreement when it made its sentencing recommendation. Accordingly, we conclude defense counsel was not ineffective for failing to object to the State's sentencing recommendation. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless.").

## II. Sentencing Factors

Next, Spaans contends the court considered improper factors at sentencing. Spaans points to the court's statement that "[t]he allegations are ongoing in their nature and involved multiple children and multiple offenses over a period of time." He argues the court's use of "allegations" as opposed to "offenses" demonstrates the court relied on allegations of other offenses contained in the minutes of testimony.

"[W]e review a defendant's sentence for the correction of errors at law." *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

> "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them.

*State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (internal citation omitted).

In this case, we view Spaans's complaint that the court used the word "allegations" rather than "offenses" as a distinction without a difference. Spaans complains the court referenced "allegations" that were "ongoing in their nature." But Spaans's motion to plead guilty to each of four counts of the amended trial information permitted the court to consider the minutes of testimony to establish a factual basis "that in Sioux County*, on or about the date alleged in the [t]rial [i]nformation*, [Spaans] did the following: [a]s a parent, guardian, or person having custody or control over a child under the age of 14, [Spaans] did knowingly act in a manner that created a substantial risk to a child's physical, mental, or emotional health or safety." (Emphasis added.)

The trial information for all four counts provided a range of time the offenses occurred. So Spaans admitted that each admitted offense occurred over time—that they were ongoing. With respect to the remainder of the "allegations" referenced by the sentencing court—that multiple children were involved, multiple offenses occurred, and the offenses occurred over a period time—we note each of the four different children were associated with each of the four different counts. Spaans pleaded guilty to multiple counts of child endangerment involving multiple children, and the date ranges relating to each count varied. These "allegations" do not relate to some other unproven allegations found in the minutes of testimony;

rather theses "allegations" are facts associated with the four counts of child endangerment to which Spaans pleaded guilty.

Accordingly, we conclude the court did not rely on improper factors at sentencing.

## III. Restitution

Finally, Spaans claims the court erred in ordering him to pay restitution in the form of court costs without making an ability-to-pay determination. "We review the district court's restitution order for correction of errors at law. *State v. Roache*, 920 N.W.2d 93, 99 (Iowa 2018). "When reviewing a restitution order, 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004) (citation omitted).

There are two categories of restitution. *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019). The district court orders category-one restitution without regard to a defendant's ability to pay. *See id.* But the district court must determine a defendant's ability to pay any form of category-two restitution before ordering a defendant to pay category-two restitution. *See id.* Court costs are a form of category-two restitution requiring the district court to make an ability-to-pay determination before ordering a defendant to pay this form of restitution. Iowa Code § 910.2(1)(a)(3); *Albright*, 925 N.W.2d at 159.

With respect to Spaans's ability to pay category two restitution, the sentencing order form appeared as follows:

Restitution. Pursuant to Iowa Code §910.3, the defendant shall pay and judgment is imposed against the defendant as follows: (check all that apply)

☒ **Court costs** in an amount that will be later certified by the Clerk of Court.

**Reasonable Ability to Pay Adjustment Option:** Defendant is entitled to a restitution hearing if requested within 30 days of sentencing or an order or supplemental order per Iowa Code 910.3 and .7

☐ Defendant admits he/she has the ability to pay all restitution

☒ Defendant asserts s/he is financially unable to pay all fines, restitutions and costs requests adjustment of restitution based upon their reasonable financial ability to pay.

The court considers the defendant's present and future ability to pay over the life of the obligation and a determination not based merely on chance; further the court has considered education, marketable job skills, potential and proven business skills, value of existing assets as well as the defendant's ingenuity and capabilities as well as any other information provided by the parties

Pursuant to Iowa Code §910.2(1), the Court **FINDS** upon inquiry, review of the case file and when available, any affidavits of financial status, presentence investigation report and any other information provided by the parties as may be set forth on the record.

☐ The defendant has the reasonable ability to pay restitution due for the above items for reasons stated on the record.

☒ The defendant does not have the reasonable ability to pay and the following is/are waived: ☒ court-appointed attorney fees; ☐ court costs ☒ correction fees.

We might speculate that the court found Spaans had the reasonable ability to pay court costs because the court did not check the applicable box indicating Spaans did not have the reasonable ability to pay. However, it is more reasonable to conclude that by failing to check either applicable box, the court failed to determine whether Spaans either had the reasonable ability to pay court costs or did not have the reasonable ability to pay court costs. Based upon our review of the entire record, we conclude the court failed to make a reasonable ability to pay

determination concerning court costs.[5]  Further, we note the clerk had not yet certified the amount of court costs so a reasonable-ability-to-pay determination was not possible at sentencing.  *Cf. Albright*, 925 N.W.2d at 162 (holding the district court's ability-to-pay determination to be premature "without having the amount of each item of restitution before it").

We conclude the court erred in ordering payment of court costs absent a final amount and an ability-to-pay determination.  *See, e.g.*, *State v. Tournier*, No. 17-1697, 2019 WL 1868199, at *1 (Iowa Apr. 26, 2019) (per curiam) (vacating the restitution portion of the defendant's sentence when the district court imposed category two restitution in an amount to be determined and did not make an ability-to-pay determination); *State v. Andrade Zepeda*, No. 19-0907, 2020 WL 564821, at *1 (Iowa Ct. App. Feb. 20, 2020) (reversing and remanding a sentencing order requiring the defendant to pay court costs without a providing a definitive amount and an ability-to-pay determination); *State v. Leonard*, No. 17-1994, 2020 WL 564652, at *1 (Iowa Ct. App. Feb. 5, 2020) (vacating restitution portion of the sentencing order then restitution was ordered without determination of the amount or the defendant's ability to pay); *State v. Nagel*, No. 18-2079, 2020 WL 376555, at *1 (Iowa Ct. App. Jan. 23, 2020) (vacating restitution portion of sentencing order that failed to provide an amount of restitution or the defendant's ability to pay).

Therefore, we vacate the court's imposition of indeterminate court costs and remand to the district court for receipt of the clerk's certification of court costs and

---

[5] This conclusion is supported by the court's statement at sentencing announcing Spaans "does not have a reasonable ability to pay court-appointed attorney's fees or correction fees."  The court was silent as to Spaans's ability to pay court costs.

entry of a final restitution order providing the amount of court costs due and determination of Spaans's ability to pay the same. The remainder of the sentencing order is affirmed.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**