# IN THE COURT OF APPEALS OF IOWA

No. 22-0021
Filed January 25, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ALYSSA BRITTANY MARTIN,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin,

Judge.

      Alyssa Martin appeals her sentence. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

      Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

      Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

      Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Alyssa Martin appeals her sentence following guilty pleas to two counts of neglect of a dependent person.[1] Martin contends the district court should have deferred judgment rather than suspending her sentence and placing her on probation. We find the sentencing court considered unproven facts and therefore vacate Martin's sentence and remand for resentencing.

We review a sentence imposed for correction of errors at law, and will not reverse unless there is "an abuse of discretion or some defect in the sentencing procedure." *Damme*, 944 N.W.2d at 103 (citation omitted).

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." Our task on appeal is not to second-guess the sentencing court's decision. Rather, we must determine that its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of respect afforded by the appellate process."

*Id.* at 105–06 (citations omitted).

"[A] sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "This rule prohibits a sentencing court from imposing 'a severe sentence for a lower crime on the ground that the accused

---

[1] Because Martin is challenging her sentence, she has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98,105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

actually committed a higher crime . . . even if the prosecutor originally charged the higher crime and reduced the charge.'" *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (citation omitted). The defendant must make an affirmative showing that the district court relied upon improper evidence of unproven charges. *Id.* The court may consider the presentence investigation report (PSI) to the extent not challenged by the defendant. *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). We will remand for resentencing if the court improperly considered unprosecuted and unproven charges. *Formaro*, 638 N.W.2d at 725*.*

Martin asserts the district court did not have grounds to take judicial notice of the minutes of testimony and impermissibly considered unproven conduct when imposing sentence.[2] According to Martin, the only facts the court could consider when sentencing her were the statements from her guilty pleas:

> I admit I did the following: I knowingly exposed [the children], to a hazard or danger to which [they] could not reasonably be expected to protect [themselves], specifically by allowing Phillip Harmison to supervise [them] when Phillip had previously been founded on a Child Abuse Assessment for abuse against one of my children. This happened in Polk County, Iowa on or about June 2, 2021.

At sentencing, the court asked if Martin had any additions, deletions, or corrections to the PSI; the only change she requested was an update to medical and mental health diagnoses and appointments. In the section of the PSI for the "Official Version" of what happened, the report stated, "The minutes of testimony and trial information can be viewed in the court file." It gave no further description of the events giving rise to the offenses. The PSI also expressly referred to the

---

[2] The State dismissed two counts of child endangerment as part of the plea agreement.

minutes of testimony for the "Victim's Version" of events. Though Martin did not object to the PSI reference to the minutes of testimony, she did not admit to the "Victim's Version" of the events.

The sentencing court can "only consider the facts contained in the minutes of testimony that are admitted to or otherwise established as true." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (citation omitted). "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.*

At sentencing, the district court explained what it considered when deciding whether to defer judgment.

> The issues are whether—the issue is whether there should be granted the opportunity to have this matter expunged ultimately, as if it didn't happen, or whether there should be a conviction for a felony. One of those proposals provides potential to disrupt the community. One of those certainly disrupts the life of Ms. Martin.
> Ms. Martin is relatively young. She has no criminal history. She has a high school education. She has been and is employed. These are factors which weigh in her favor in granting a deferred judgment, I think.
> [Ms. Martin] was involved in a series of crimes here. This wasn't a single event. This was part of a lifestyle in how these children were disciplined, how they were treated, and I'm disturbed by the fact that Ms. Martin first tried hard to discredit her own children, that she, as far as I can tell, still at the very least minimizes her involvement. Her admissions were to being some sort of passive observant or not even, that she negligently left these children alone with her significant other, and that's not the case or certainly not the whole story by a long shot.

The court improperly refers to facts from the minutes of testimony beyond those that were necessary to establish a factual basis for Martin's guilty pleas to neglect of a dependent person. We cannot speculate as to the weight the

sentencing court gave the unproven charges, so Martin's sentences must be vacated and the case remanded for resentencing before another judge. *See id.*

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**