# IN THE COURT OF APPEALS OF IOWA

No. 22-0349
Filed August 30, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MOHAMED WALLACE,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A defendant appeals a five-year prison sentence following a guilty plea to child endangerment causing bodily injury. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

"The court finds that probation is not acceptable in this case." So said the district court in its rejection of Mohamed Wallace's proposed punishment. Instead, it sentenced Wallace to a prison term not to exceed five years after he pleaded guilty to child endangerment causing bodily injury, an offense that the court described as "horrific." Wallace now appeals this sentence, alleging that the court abused its discretion. We find no abuse of discretion as the court properly balanced the relevant factors, so we affirm.

## I.    Facts and Prior Proceedings

In February 2021, police responded to a report that Wallace assaulted his six-year-old daughter, M.W. According to the minutes of testimony, the child told a family friend that her father accused her of stealing money, "placed a piece of clothing in her mouth so that she couldn't scream", and then "poured pepper [juice] in her eyes and crotch." As she kicked him to get away, M.W. recalled Wallace punching her in the eye.

The State charged Wallace with child endangerment causing bodily injury and neglect of a dependent person. *See* Iowa Code §§ 726.3, 726.6 (2021).

The parties reached a plea agreement, in which Wallace agreed to plead guilty to child endangerment in exchange for the State dismissing the neglect charge. The State also agreed to join his recommendation for a suspended sentence and two years of probation. In his written plea, Wallace admitted to this factual basis: "[O]n or about February 7, 2021, in Polk County, Iowa, [he] used unreasonable force in discipling [M.W.], causing a bruise on her eye."

At the sentencing hearing, the State recommended that Wallace receive the maximum sentence of up to five years in prison.[1]  Wallace, on the other hand, argued for probation or placement in a residential facility so that he could continue to work and support his daughter and family living out of state.  In his allocution, Wallace asserted that he did not "have any issues."  He told the district court: "if I was a real troublemaker, I would have had way more charges than the one I am facing right now."  The court rejected this argument and sentenced him to incarceration of up to five years.  The court explained:

> This is due to the defendant's record, defendant's lack of remorse, defendant's age, circumstance of the case, and the facts which I believe [the State] described quite clearly as horrific and the court finds that incarceration is the only way to protect the public from further criminal activity by the defendant.

The court also ordered Wallace to complete the Iowa Domestic Abuse Program.  The court reasoned that he could give that curriculum "his undivided attention" while in the prison system and the program would better provide an "opportunity for any rehabilitation."  Wallace appeals this sentence.

## II.   Analysis

We review sentencing challenges for abuse of discretion.  *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018).  We find an abuse if the court's decision was based on unreasonable grounds.  *Id.*   The challenge must overcome the

---

[1] In the plea agreement, the State explained that it would not be bound to recommend a suspended sentence and two years' probation if any new criminal charge or violation of the pretrial release arose.  In January 2022, Wallace's pretrial release was revoked following a charge for assault causing bodily injury.  Wallace does not challenge the State's amended recommendation on appeal.

presumption in favor of the sentence. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).[2]

Wallace contends that several mitigating factors weighed against incarceration. He points us to his two previous successful probation periods and his current employment as evidence that prison was not the most beneficial option. He also emphasizes that his desire to support his daughter would be hindered by a prison sentence. On top of that, Wallace contests the State's reliance on "new criminal activity that was unproven." And he objects to the court's adoption of the State's characterization of his offense as "horrific." Wallace asserts that nothing in the sentencing record supported that description of his acts.

Starting with Wallace's last point, we disagree with his limited view of the facts before the sentencing court. In the plea order, the court noted its reliance on the minutes of testimony to support the factual basis for child endangerment. Wallace's presentence investigation (PSI) report also referenced the minutes of testimony as support for both the official version and the victim's version of events. And when asked at sentencing if he had any corrections to the PSI, defense counsel mentioned several facts but not those references to the minutes.

The court may rely on the PSI when it is not challenged by the defendant. *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). The court may also rely on the minutes of testimony so long as they are necessary to support the factual basis for

---

[2] To appeal following a guilty plea, the defendant must show good cause. Iowa Code § 814.6(1)(a)(3) (2022). The State concedes that Wallace has good cause— a "legally sufficient reason" to appeal. *Damme*, 944 N.W.2d at 100. "[T]he good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain." *Id.* Wallace's appeal falls within both categories.

the plea. *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998); *State v. Martin*, No. 22-0021, 2023 WL 386717, at *2 (Iowa Ct. App. Jan. 25, 2023).

We find that the minutes of testimony and PSI support the court's characterization of this event and provide enough support for its chosen sentence. Wallace didn't challenge the PSI's references to the minutes of testimony, which included M.W.'s version of the events and Wallace's limited additions to that narrative. These sources tell the story of a father who used force to "punish" his daughter with pepper juice and his fist.

In his guilty plea, Wallace admitted using unreasonable force while disciplining his child, which is best illustrated by the descriptions provided in the minutes of testimony. Unlike *Martin*, where the sentencing judge drew from "a series of crimes" and improperly referred to the minutes of testimony, the court here invokes a single incident of "discipline" that contributes to the factual basis in the plea. No. 22-0021, 2023 WL 386717, at *2. We agree that this single incident can be described as horrific.

We next move to Wallace's complaint about "unproven" criminal activity. The prosecutor said, "We have somebody who violated the terms of pretrial release on two different occasions by committing new offenses while this case was pending."[3] But she then clarified: "I am asking the court not to consider offenses to which he has not pled guilty for any other purpose other than the fact that it

---

[3] When Wallace failed to appear for trial in July 2021, the court ordered his pretrial release status be revoked and new bond conditions be imposed. In January 2022, the court revoked Wallace's pretrial release bond status after he was arrested for a new assault charge.

violated his pretrial release, and how does that reflect on his ability to be successful when supervised by those exact same people?"

In giving its reasons for imposing a prison sentence, the court did not mention unproven criminal activity. Instead, the court pointed to Wallace's lack of remorse, the circumstances of this case, the community's need for protection, and Wallace's opportunity for rehabilitation. We find no abuse of discretion in that sentencing rationale. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). The district court's lack of reference to Wallace's employment or other probation periods does not mean that it did not consider them in reaching its decision. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). And the court was free to give more weight to the nature of the offense and Wallace's lack of remorse than to the mitigating factors Wallace presented. Thus, we affirm the sentencing decision.

**AFFIRMED**