**STATE of Iowa, Appellee,**

v.

**James Richard DAKE, Jr., Appellant.**

**No. 95-0035.**

Court of Appeals of Iowa.

Feb. 2, 1996.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, and Mark E. Kruse, County Attorney, for appellee.

Considered by HAYDEN, P.J., and CADY and HUITINK, JJ.

PER CURIAM.

Defendant James Dake, Jr. was charged with sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3(2) (1989), and lascivious acts with a child, in violation of section 709.8. These two charges involved a child, K.K., who was under the age of twelve. Dake was also charged with sexual abuse in the second degree, for actions involving T.K., another child who was under the age of twelve.

Dake entered into a plea agreement with the State. On November 14, 1994, he entered a guilty plea to the two charges of sexual abuse in the second degree. In exchange, in the case involving K.K., the State agreed to dismiss the charge of lascivious acts with a child, and in the case involving T.K., the State agreed not to file a charge of kidnapping. In addition, the State agreed to recommend concurrent sentences.

At the sentencing hearing, the district court informed Dake it was going to impose consecutive sentences, and asked Dake if he wished to wished to withdraw his guilty plea. Dake stated he wanted to proceed with his guilty plea. The court stated it was imposing consecutive sentences because of the severe consequences of the crimes to the victims. The court then reviewed the victim impact statements filed in the case. Defense counsel informed the court he had not seen the victim impact statements. The court then stated:

All right. I take you at your word on that.

In any event, the reason why I'm telling you that is the severe damage to the victims is just beyond belief. And as I've stated, short of murder, I doubt if you could commit a crime that would have such serious effects and such long-term effects for the children involved. . . .

The court sentenced Dake to a term of imprisonment not to exceed twenty-five years on each charge of sexual abuse in the second degree, with the sentences to run consecutively. Dake now appeals.

Defendant contends the district court improperly considered unproven allegations contained in the victim impact statements when imposing the sentences in this case. He points out he was not given notice or an opportunity to respond to the statements.

■ The State claims defendant has failed to preserve this issue for our review. The record is clear defense counsel informed the judge neither he nor defendant had received or read the victim impact statements. We find this objection was sufficient to preserve error in this case.

Under section 910A.5, a victim may file a victim impact statement with the county attorney, and when such a statement is filed, it should be included in the presentence investigation report. In pertinent part, section 901.4 provides:

At least three days prior to the date set for sentencing, the court shall serve *all* of the presentence investigation report upon the defendant's attorney and the attorney for the state, and the report shall remain confidential except upon court order. . . . The defendant or the defendant's attorney may file with the presentence investigation report, a denial or refutation of the allegations, or both, contained in the report. The denial or refutation shall be included in the report.

(Emphasis added.)

■ The supreme court has stated section 901.4 includes the basic requirements of due process and fair notice. *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990). Failure to provide the statutory notice required by this section renders such evidence inadmissible on the issue of sentencing. *Id.* In the present case, the defendant did not receive notice, at least three days prior to sentencing, of the victim impact statements. Thus, this evidence was inadmissible on the issue of sentencing.

■ Nevertheless, this does not necessarily mean the sentence must be vacated. *Id.* It is still necessary to show the judge impermissibly considered the improper evidence. *Id.* In order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on the improper evidence. *Id.*

■ The court's statements at the sentencing hearing show it did rely on the improper evidence, the victim impact statements. The court stated several times one of the main reasons it was imposing consecutive sentences in this case was due to the impact of the crimes on the victims.

We note in *State v. Sumpter*, 438 N.W.2d 6 (Iowa 1989), the supreme court concluded the defendant had not been prejudiced by the district court's consideration of improper victim impact statements because the statements had not contained information which would not otherwise be available to the judge, such as allegations of unproven crimes or other facts outside the record. *Id.* at 9. The victim impact statements there told the judge little, if anything, which was not already apparent. *Id.*

We find *Sumpter* to be distinguishable from the present case. The victim impact

statements here did contain information which was otherwise unavailable to the judge. According to the statements one of the victims had permanent scarring of the genitals, and both victims were felt to need long-term intensive therapy. The severe impact of the crimes on these victims would not be readily apparent in the absence of the victim impact statements.

We determine the sentence in this case must be vacated and the case remanded for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**