# IN THE COURT OF APPEALS OF IOWA

No. 15-0936
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TIMOTHY MICHAEL SHANAHAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford, District Associate Judge.

Timothy Michael Shanahan appeals his conviction for fraudulent practice.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Steven E. Goodlow, Albia, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Timothy Michael Shanahan appeals his conviction for fraudulent practice in the second degree, claiming the district court considered impermissible factors in sentencing him to prison and his trial attorney was ineffective for failing to adequately prepare him for the sentencing hearing. We find the district court impermissibly considered Shanahan's dismissed charges and remand for resentencing. We decline to address Shanahan's ineffective assistance of counsel claim on direct appeal.

On June 23, 2014, Shanahan was charged with fraudulent practice in the second degree, in violation of Iowa Code sections 714.8(1) and 714.10 (2013). Shanahan entered into a plea agreement with the State, in which he agreed to pay restitution in five other pending cases (involving charges of fraudulent practice and theft) in exchange for the dismissal of those charges. Shanahan pled guilty to one count of fraudulent practice in the second degree on February 18, 2015.

Sentencing was originally set for April 29, but the parties agreed to reschedule sentencing for June 24 to give Shanahan an opportunity to work with the "drug task force." However, Shanahan failed to make contact with the task force and the State filed a motion to reset the hearing for May 27; the court granted the motion.

On May 27, the court sentenced Shanahan to a term of incarceration not to exceed five years pursuant to the plea agreement. The court also ordered Shanahan to make restitution for his conviction and the dismissed charges. Shanahan appeals from this sentence.

Shanahan claims the district court erred by considering impermissible factors (his dismissed charges) when it determined his sentence. "We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). A district court may not consider an unproven or unprosecuted offense in sentencing a defendant unless (1) the facts before the court reveal that the defendant committed the offense, or (2) the defendant admits it. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001); *see also, e.g., State v. Pankey*, No. 02-0918, 2003 WL 558500, at *1 (Iowa Ct. App. Feb. 28, 2003). If a court uses any improper consideration in sentencing a defendant, resentencing is required. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

We agree with Shanahan the court impermissibly considered his dismissed charges. The court stated: "Mr. Shanahan, I've selected this particular sentence for you after considering a number of factors. . . . I considered . . . your prior criminal record, *which is lengthy for similar types of offenses*." (Emphasis added.) Other than juvenile court adjudications for theft and burglary (which occurred over twenty-five years ago), Shanahan's criminal record did not contain any convictions for offenses similar to fraudulent practice. *Cf. Jose*, 636 N.W.2d at 41–43 (holding reference to "additional crimes" did not establish court considered unproven charges, given defendant's prior criminal history). The facts before the court did not reveal Shanahan committed the dismissed offenses and Shanahan's agreement to pay restitution for the dismissed charges is insufficient to demonstrate an admission of guilt. Therefore we find the district

court impermissibly considered Shanahan's dismissed charges in its sentencing and we remand for resentencing.

Shanahan also claims his trial counsel was ineffective for failing to adequately prepare him for the sentencing hearing. We review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, Shanahan must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails if either element is lacking. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008). Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal and preserve such claims for postconviction relief proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). However, we will address such claims on direct appeal when the record is sufficient to permit a ruling. *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000). We find the record insufficient to address Shanahan's ineffective assistance of counsel claim and preserve the claim for a possible postconviction relief proceeding.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Tabor, J., concurs; McDonald, J., dissents.

**MCDONALD, Judge.** (dissenting)

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "In order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on the improper evidence." *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App.1996). One inappropriate matter the district court should not consider at sentencing is unproved criminal conduct, including unprosecuted charges, unproved charges, and dismissed charges. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (stating it is improper for the sentencing court to consider criminal conduct not "otherwise proved").

The defendant has not made an affirmative showing the district court relied on the dismissed charges in making its sentencing determination. The defendant assumes the district court's reference to "similar types of offenses" refers to the dismissed charges. As noted by the majority, however, the defendant does have a history of committing property crimes, which are "similar types of offenses" to the crime at issue in this case. We should not infer the district court considered an improper factor if it is not apparent from the record. *See Formaro*, 638 N.W.2d at 725. Our goal is not to second guess the sentencing decision but to determine if the decision rests on an untenable or improper ground. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015).

Even if the district court had considered the dismissed charges in making its sentencing decision, such consideration would not have been inappropriate in this case. When a defendant challenges a sentence on the ground the district court considered unproved criminal conduct, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). The sentencing court can consider those facts that are admitted or that otherwise are established as true. *See id.*

The record in this case is sufficient to establish the matters relied on. First, during the sentencing hearing, the defendant admitted to the offense conduct relating to the dismissed charges. He explained he did "every one of them," referring to his practice of accepting payment without providing services, "in a very short time frame." He explained to the sentencing court that he did not mean to "hurt anyone in the community by collecting money and not finishing a job" but he was in financial trouble. Second, a sentencing court is permitted to consider the contents of a presentence investigation (PSI) in making its sentencing decision where the defendant does not object to the portion of the PSI being considered. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). Here, the defendant did not object to the district court relying on the PSI in making its sentencing determination. The PSI contained pecuniary damage statements from the victims of the dismissed charges. Shanahan agreed to pay restitution to these victims. Inclusion of the pecuniary damage statements in the PSI is sufficient record to establish the offense conduct underlying the dismissed charges for the purposes of sentencing. *See State v. Kurka*, No. 14-0776, 2015

WL 1332018, at *5-6 (Iowa Ct. App. Mar. 25, 2015) (holding the district court did not consider unproved conduct where "[a]ttached to the PSI were a number of exhibits including an investigative report describing the various forms of theft Kurka committed . . . and a statement of pecuniary damages"); *State v. Womack*, No. 08-1865, 2009 WL 1677061, at *3 (Iowa Ct. App. June 17, 2009) (holding the district court did not improperly consider offense conduct for six dismissed counts of forgery where the defendant accepted responsibility for offense conduct by agreeing to pay restitution related to dismissed charges and the restitution information was contained in presentence investigation).

Finally, even if the defendant had not explicitly admitted to the offense conduct underlying the dismissed charges, and even if the offense conduct was not of record in the PSI, consideration of the dismissed charges would not have been inappropriate in this case. "There should be a limit as to how far a court must go in not accepting as true that which all others know to be true." *State v. Gonzalez*, 582 N:W.2d 515, 517 (Iowa 1998) (Carter, J., dissenting). Requiring the district court to order restitution to victims while at the same time requiring the district court to pretend the defendant did not engage in criminal conduct with respect to those victims is beyond the limit. The district court is without authority to order restitution unless authorized by statute. *See State v. Watson*, 795 N.W.2d 94, 95 (Iowa Ct. App. 2011) ("Criminal restitution is a creature of statute."). Restitution "means payment of pecuniary damages to a victim . . ." Iowa Code § 910.1(4). A "victim" is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(5). The code defines "criminal activities" to mean "any crime for which there is a plea

of guilty, verdict of guilty, or special verdict upon which judgment of conviction is rendered and any other crime . . . which is admitted or not contested by the offender, whether or not prosecuted." Iowa Code § 910.1(1). When a criminal defendant agrees to pay "restitution" to the "victim" of a dismissed charge as part of a plea agreement, the defendant is admitting or not contesting the defendant engaged in "criminal activities" giving rise to "pecuniary damages" to a "victim." By ordering restitution pursuant to such a plea agreement, the district court, implicitly or explicitly, must find there was a "victim" of the defendant's "criminal activities." In the absence of such a finding, the district court is without statutory authority to order restitution for a dismissed charge. *See State v. Knudsen*, 746 N.W.2d 608, 609 (Iowa Ct. App. 2008) ("To determine if restitution is required in any given case, the district court must first identify the victim(s) of the defendant's criminal conduct."). Therefore, the defendant's agreement to pay restitution for a dismissed charge is sufficient proof, as a matter of law, of the criminal conduct underlying the dismissed charge to be considered for the purposes of sentencing. *See Grandberry*, 619 N.W.2d at 401 ("The standard of proof during the sentencing stage is lower than the standard used during trial.").

For these reasons, I respectfully dissent. I would affirm the defendant's sentence.