# IN THE COURT OF APPEALS OF IOWA

No. 18-1402
Filed May 15, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRANCE O. WILLIAMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

        Terrance Williams appeals the sentence imposed following his conviction for child endangerment. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Vidhya K. Reddy and Mary K. Conroy, Assistant Appellate Defenders, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

Terrance Williams appeals the two-year suspended sentence imposed following his conviction for child endangerment. We review sentencing decisions for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). If the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion occurs when the evidence does not support the sentence. *See State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006).

Williams first contends the district court erred by failing to allow the mother of the child to make a statement before it pronounced sentence. The State counters that Williams failed to preserve error because he did not raise this claim below. In order to preserve error, "objections must be raised at the earliest opportunity after the grounds for the objection become apparent." *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Although Iowa Rule of Criminal Procedure 2.24(5)(a) states that the court may correct an illegal sentence at any time, it does "not allow challenges to sentences that, because of procedural errors, are illegally imposed." *Id.*; *accord* 3 Charles Alan Wright, *Federal Practice and Procedure* § 585, at 395 (1982) ("There is a distinction between an illegal sentence and a sentence imposed in an illegal manner."). Because Williams is challenging the sentencing procedure rather than the legality of his sentence, he was required to address his claim to the sentencing court in order to preserve error on appeal. *Cf. State v. Tesch*, 704 N.W.2d 440, 450 (Iowa 2005) (considering claim that trial counsel was ineffective by failing to object to victim impact statements given by

persons who were not victims within the meaning of Iowa Code section 915.10 (2001)); *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996) (finding claim that trial court erred in considering victim impact statements for which defendant had not been provided notice was preserved for review where "defense counsel informed the judge neither he nor defendant had received or read the victim impact statements"). The record shows that he did not. Williams's attorney informed the sentencing court that the child's mother wanted to address the court "if that would be appropriate." When the court asked if he had any other evidence to present on Williams's behalf besides the written documents it had admitted, Williams's counsel answered, "No, Your Honor." Both parties made their sentencing recommendations, and Williams was allowed to make his allocution. The court did not ask the mother to speak before it imposed the two-year suspended sentence.[1] Because Williams never raised an objection or otherwise notified the court concerning its failure to allow the child's mother to make statement, he failed to preserve error.

Williams next contends the district court abused its discretion by considering and relying on a fact that was neither proven nor admitted. Specifically, he claims that the court improperly considered that he hit a six-year-old child with a belt. Williams was charged with child endangerment causing bodily injury, in violation of Iowa Code section 726.6(6) (2016), a class "D" felony. The State reduced the charge to child endangerment, in violation of section 726.6(7), an aggravated misdemeanor, and agreed to recommend a suspended sentence in exchange for

---

[1] The child's mother was allowed to speak extensively to the court after sentencing when the court addressed the issue of continuing a no-contact order.

Williams's guilty plea. His written plea states that the court may rely on the minutes of evidence attached to the trial information in determining the existence of a factual basis for his plea.

The sentencing court may consider those facts contained in the minutes of evidence that are admitted to or otherwise established as true. *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). On the other hand, a sentencing court may not consider facts not proven or not admitted when sentencing a defendant. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) ("Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them."). This is true "even if the prosecutor originally charged the higher crime and reduced the charge." *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979). So, the question boils down to whether the fact that Williams used a belt to strike the child was necessary to establish a factual basis for the plea. We think it was.

Williams specifically admitted in his written plea that he "intentionally acted in a manner that resulted in a physical injury." Under any definition of child endangerment, proof of knowingness or intent is required. Iowa Code § 726.6(1)(a)-(i). We believe the sentencing court's reference to the use of a belt goes to the requisite intent element. During sentencing, the court stated:

> I understand that you're saying that it was a punishment, but there's a difference between punishment and correction versus abuse. And when a person has to go and get an object to hit a child, that is abuse.
> If you would have used your hand and spanked him for the purpose of correction, I'm sure we wouldn't be here. It's when you pick up an object and hit a six-year-old, somebody who is quite a bit

smaller than you, weighs less, has less intelligence, less defense.
As you hit him with that belt, he had no choice but to take it.

Because Williams admitted to the facts contained in the minutes of evidence, and those facts indicate he hit the child with a belt, evidencing intent, the sentencing court was permitted to consider that fact in pronouncing sentence.

Finally, Williams contends the court abused its discretion by employing a fixed sentencing policy in sentencing him. He claims that the sentencing court's statement that it views a deferred judgment appropriate when "somebody [does] an act that was out of character; it was a one-time mental aberration and that they would never do it again." The court concluded that Williams's act "wasn't a one-time mistake or a quick by-the-seat-of-your-pants type of thing" but rather was one that Williams had discussed with the child's mother in the weeks leading up to it. The court also cited Williams's age, the circumstances surrounding the act, and the seriousness of the crime before stating it would not grant Williams a deferred judgment "for those reasons." Because the record indicates the court exercised its discretion in sentencing Williams, we affirm.

**AFFIRMED.**

Vaitheswaran, P.J., concurs; Potterfield, J., dissents.

**POTTERFIELD, Judge** (dissenting).

I would reverse. The allegation that Williams hit the boy with the belt is neither proven nor admitted. Williams's agreement in his guilty plea that the court could rely on the minutes of evidence for a factual basis does not extend to facts beyond the charge to which he pled guilty. *See State v. Gonzales*, 582 N.W.2d 515, 517 (Iowa 1998) ("Where portions of the minutes are not necessary to establish a factual basis for a plea they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them."); *cf. State v. Gordon*, 921 N.W.2d 19, 25 (Iowa 2018) (allowing the court to consider statements made by the defendant to the preparer of presentencing-investigation report because they were considered admissions). The district court abused its discretion in considering the unproven fact. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982) (vacating sentence and remanding for resentencing when record affirmatively shows court relied on unproven offense).