# IN THE COURT OF APPEALS OF IOWA

No. 21-1964
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DYLAN ANTHONY McCOMBS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jesse Ramirez, District Associate Judge.

        The defendant challenges his sentences after pleading guilty to three crimes. **AFFIRMED.**

        Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., Schumacher, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

In AGCR348292, Dylan McCombs was charged with eluding, in violation of Iowa Code section 321.279(2)(a) (2021). He filed a written petition to plead guilty, in which he waived his right to be present at a plea proceeding. The basis for McCombs' plea was included on the written form; he admitted, "On April 24, 2021, in Polk County, [Iowa,] I was driving my vehicle and failed to stop when the officers requested me to stop. I was going at that time 25 miles per hour over the speed limit. The officer had lights & siren."

In SRCR348776, McCombs was charged with assault causing bodily injury or mental illness and second-degree harassment. He filed a written petition to plead guilty to both charges, which included the basis for his plea: "On May 18, 2021, Jason Lampman came on my property with his brother, Lucas Lampman, and I shot Jason in the back with a BB gun and I also told Lucas Lampman that I'm going to beat him up & he better watch his back." Again, McCombs waived his right to be present at a plea proceeding.

The district court accepted McCombs's guilty pleas to all three crimes in a single written order and, at a later date, McCombs was sentenced in both AGCR348292 and SRCR348776 at a combined hearing. Before imposing a total term of incarceration not to exceed two years, the court twice stated it had reviewed the minutes of testimony in preparation for sentencing.

On appeal, McCombs challenges his sentences.[1] Our review is for errors at law. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). "A sentence

---

[1] McCombs has good cause for this appeal. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

will not be upset on appellate review unless the defendant demonstrates an abuse of discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors."  *Id.*

McCombs takes issue with the fact the court read the minutes, arguing it was improper for the court to do so because he neither admitted to the facts in the minutes of testimony nor consented to the court considering them.  He relies on *Gonzalez*, which holds "that minutes of testimony attached to a trial information do not necessarily provide facts that may be relied upon and considered by a sentencing court."  582 N.W.2d at 517.

> "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them.

*Id.* (internal citation omitted).

While the district court read the minutes of testimony, McCombs has not cited—and we have not found—any authority that supports the proposition that the court's mere reading of the minutes before sentencing is enough to require reversal.  And McCombs also does not point to any statements made by the court that he believes establishes that the court relied on unproven facts or allegations from the minutes in imposing sentence.  That the court was aware of information upon which it is inappropriate to base a sentencing decision is not enough to warrant reversal.  *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (affirming sentence even though district court heard unproven allegations during victim impact statement at sentencing because "we trust that our district courts, when

weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence"); *see also State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004) ("[L]egal training helps equip those in the profession to remain unaffected by matters that should not influence the determination.").

The court often has information that is not a proper sentencing consideration—such as pending charges listed in a presentence investigation report. Without affirmative evidence the court actually relied on that information (as opposed to just being aware of it), reversal is not warranted. *See State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996) ("It is still necessary to show the judge impermissibly considered the improper evidence. In order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on the improper evidence." (internal citation omitted)); *see also State v. Phillips*, 561 N.W.2d 355, 359 (Iowa 1997) (affirming sentence where court heard allegations of unproven offenses because "there [was] no indication that the trial court relied on any improper factors in reaching its sentencing decision").

**AFFIRMED.**