# IN THE COURT OF APPEALS OF IOWA

No. 22-1925
Filed November 21, 2023


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**QUNTONIO HERRON JR.,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


The defendant appeals his sentence following his conviction for two counts of homicide by vehicle by reckless driving, serious injury by vehicle by reckless driving, and leaving the scene of an accident resulting in death. **AFFIRMED.**


Francis Hurley, Des Moines, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.


Considered by Bower, C.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Quntonio Herron Jr. appeals the sentence entered following his guilty plea[1] to two counts of homicide by vehicle by reckless driving, one count of serious injury by vehicle by reckless driving, and one count of leaving the scene of an accident resulting in death. He contends the trial court must have considered the content of emotion-laden victim impact statements delivered in the course of the hearing. In particular, he argues the district court abused its discretion by hearing and considering impermissible factors in its decision to sentence him to consecutive terms, including his right to plead not guilty, unproven circumstances around the crimes, and the delays in the criminal proceedings. We find the trial court expressly disclaimed considering the problematic parts of the victim statements and did consider proper factors in fashioning its sentence. We affirm the trial court.

## I.      Background Facts and Prior Proceedings.

In May 2021, Herron was driving his car in Des Moines when he struck two motorcycles in an intersection. Law enforcement estimated that Herron was travelling around seventy to eighty-five miles per hour when he struck both motorcycles. Two riders on one motorcycle died from their injuries, while the sole rider on the other suffered serious injuries but survived. After striking the motorcycles, Herron's car hit a telephone pole and stopped in a residential yard. He fled the scene on foot before police arrival.

Police eventually determined Herron was the driver of the car through speaking with the car's registered owner and analyzing blood left on the steering wheel. Police

---

[1] Since Herron is challenging the sentencing order following his guilty plea, he has good cause to appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

interviewed Herron, who admitted to the crash but downplayed his speed and fault. The State charged Herron by trial information in June 2021 with two counts of homicide by vehicle by reckless driving, class "C" felonies in violation of Iowa Code section 707.6A(2) (2021), one count of serious injury by vehicle by reckless driving, a class "D" felony in violation of Iowa Code section 707.6A(4), and one count of leaving the scene of an accident resulting in death, a class "D" felony in violation of Iowa Code sections 321.261(4) and 321.263. After pleading not guilty, near the eve of trial Herron pleaded guilty to all counts in September 2022. The court accepted his guilty pleas that same day.

At the sentencing hearing, the State presented several individuals who gave victim impact statements. One of the victims spoke about Herron not pleading guilty shortly after his arrest, resulting in the legal process being "drug out." Another victim spoke negatively about Herron's initial plea of not guilty. A third victim's statement expressed displeasure about Herron being released from jail on bond. A fourth victim speculated about unproven, unpursued claims that Herron was intoxicated at the time of the accident, then lamented Herron's initial not guilty plea and his waiting to take the matter to trial.

After it heard the statements, the district court addressed what it could not consider from the victims' passionate words:

> Some of these statements contained content that is understandable due to the emotion and the anger resulting from your loss but not technically applicable for what I have to do today. I'm just going to talk about briefly what I'm not considering within those victim impact statements for purposes of sentencing because I don't believe I can.
> Any sort of sentencing recommendation contained within those statements will not be applicable for my consideration. The circumstances—the fact that the defendant elected, as he is entitled to, to initially plead not guilty, that he was able to post bond, the failure to appear and resulting warrant, whatever the circumstances were of his arrest when

he was taken back into custody, the fact that he maintained his not guilty plea up until recently, the fact that he ultimately pled guilty and did not go to trial, any delays that may have been attributable to a number of factors in the scheduling and the other, at least from what I could tell, unestablished or unproven circumstances that were hinted at or irrelevant as far as the crimes themselves, the defendant's license status or the fact that he may or may not have been impaired at the time of the accident. Those are not part of the elements of the offense and would be inappropriate for me to sentence Mr. Herron based on those considerations.

The court then specified what it could consider: the presentence investigation report, circumstances of the offense, the death of two individuals and serious injury to a third, Herron's employment, his family circumstances, his on-going failure to follow court rules and regulations, his criminal history, and his age. And based on these considerations, the district court sentenced Herron to indeterminate ten-year sentences for the two counts of homicide by vehicle by reckless driving and indeterminate five-year sentences for both the serious injury by vehicle by reckless driving count and leaving the scene of an accident resulting in death count. The court ordered the prison sentences for the first three counts to run consecutive to each other but concurrent with the fourth count, for a total of twenty-five years. Herron now appeals.

## II. Standard of Review.

Sentences within the statutory limits are reviewed for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "A trial court's sentencing decision is cloaked with a strong presumption in its favor." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997).

**III.    Analysis.**

Arguing the victim impact statements presented to the court prejudiced its sentencing decision, Herron asserts there was an abuse of discretion in imposing consecutive sentences.  Herron contends that while the court stated it would not consider the extraneous factors, it could not possibly keep them out of mind and disregard them, using them in sentencing Herron to consecutive sentences rather than concurrent sentences as he requested.

When imposing a sentence in a criminal case, the district court must examine all pertinent information and consider the available sentencing options in exercising its discretion.  Iowa Code § 901.5.  A district court must evaluate all relevant factors, including the "nature of the offense, the attending circumstances, the [defendant's] age, [the] character and propensity of the offender, and the chances of reform" to determine the appropriate sentence.  *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).  The court must exercise its discretion when the sentence is not mandatory.  *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).  A court abuses its discretion when it relies on impermissible factors to sentence a defendant; the remedy is a new sentencing hearing on remand.  *See Formaro*, 638 N.W.2d at 725.  Such impermissible sentencing factors include "a defendant's invocation of [his] right to put the state to its burden of proving the offense" or unproven criminal offenses.  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022); *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998).  Even if the impermissible factor is a "secondary consideration," if a court relies on it, this is an abuse of discretion. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

We must determine if the district court, in crafting Herron's sentence, relied on unproven offenses or his initial plea of not guilty. As we have previously observed, "[i]n order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on . . . improper evidence." *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996). In *State v. Sinclair*, 582 N.W.2d 762, 765 (Iowa 1998), the supreme court vacated the defendant's sentence and remanded for resentencing because the sentencing court considered three prior charges of operating while intoxicated that had been dismissed. In *State v. Gonzalez*, 582 N.W.2d 515, 516–17 (Iowa 1998), the court vacated a sentence and remanded for resentencing after a court improperly considered five other charges dismissed under the plea agreement. Despite these cases, even when a victim impact statement refers to unproven crimes or impermissible factors before the court, when the court explicitly expresses it will not use them in considering its sentence, an abuse of discretion will not be found. *See State v. Phillips*, 561 N.W.2d 355, 357, 359 (Iowa 1997); *Sailer*, 587 N.W.2d at 763–64.

Here, the trial court detailed the factors it could not consider in its sentencing—Herron's initial not-guilty plea, sentencing recommendations, and unproven circumstances of the crime. While the victims were free to speak on the effect of Herron's crimes, *see generally Sailer*, 587 N.W.2d at 761 (noting the victim may "fully detail the impact of the offense"), the court could not consider everything they said. The court's detailed listing of items of evidence and argument it would disregard strongly suggests there was no consideration of impermissible factors. Herron has not presented evidence the district court considered impermissible factors other than the notion that these factors

were not "completely absent from the judge's mind" when rendering consecutive sentences. "[W]e trust that our district courts, when weighing such [victim] statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *See id.* at 764. Herron has not shown the experienced trial court failed to meet this expectation. We affirm the district court's sentence.

## IV.    Conclusion.

Because the district court properly relied on the appropriate factors in sentencing Herron and there is no evidence of it abusing its discretion by considering impermissible factors, we affirm the sentence.

**AFFIRMED.**