# IN THE COURT OF APPEALS OF IOWA

No. 18-1543
Filed June 5, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TERRY THOMAS BRAGG,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Terry Bragg appeals the district court's decision to require he serve the sentence imposed in this case consecutive to his sentence in another case asserting the court considered an impermissible sentencing factor and therefore abused its discretion. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

In March 2018, Terry Bragg was charged with three counts of first-degree robbery. He subsequently entered a plea of guilty to one count of second-degree robbery, a lesser-included offense, in exchange for the State dismissing the remaining counts. As part of the agreement, "the parties would be free to argue with regard to the mandatory minimum, where it falls within the range of fifty to seventy percent, and also free to argue as to whether this term of incarceration should be concurrent with or consecutive to a probation revocation," of which Bragg had already been adjudicated.

A sentencing hearing followed. After hearing the arguments of the parties, the district court sentenced Bragg to ten years in prison with a mandatory minimum of fifty percent to run consecutive to Bragg's other sentence. The court explained the reasons for its decision to impose that particular sentence on the record:

> Well, Mr. Bragg, it's time for the court to do its part in these proceedings. To a certain degree, the court's decision is a simple one. You pled guilty to the commission of this class "C" felony, and so on the basis of your plea, I'm going to adjudicate you guilty of the instant crime, which was robbery in the second degree.
>
> And that carries the mandatory ten-year indeterminate term subject to a mandatory minimum of somewhere between fifty and seventy percent. So the court's only discretion here is where to put the mandatory minimum between fifty and seventy percent.
>
> And then we have the seven years that have been imposed on your other matter, the probation violation matter, where your probation was revoked and a sentence, effectively, not to exceed seven years was imposed. And then the question becomes whether that is concurrent with or consecutive to the sentence that's imposed in this new matter.
>
> And the court has reviewed all of the information that it has available to it. That includes all of the information in the court file, plus, in particular, the information in the presentence investigation report, the information that it has available to it from the comments of counsel as well as your comments.

The court is concerned. I'm certainly concerned about—you have a criminal history that is not insignificant. And then you add to that the fact that you committed the instant crime while you were on probation, which is not a good sign.

Then you have significant indications from the [presentence investigation report] that you have substance abuse problems that need to be addressed and mental health problems that need to be addressed.

You add all of these things up, and it's very concerning to the court about what gives you—what sentence gives you, at the same time, the maximum opportunity for your own rehabilitation but, at the same time, protects the public.

Now, some of that protection of the public is taken care of by the mandatory prison sentences with the mandatory minimum. So you're going to be in prison for a significant period of time no matter what I do. And that's the law; that's not any decision on my part.

But it's in my discretion to decide, to a certain degree, how long you will unquestionably be in prison, I guess, if you want to put it that way. And, like I say, I have a lot of concerns.

I do think that there are some mitigating factors that your counsel has mentioned: Your age and the fact that I think it cannot be ruled out that substance abuse and/or mental health has had something to do with your behavior.

And you need to get those things addressed. And so far as I can tell, you really haven't done anything in the past to get those things addressed. . . .

. . . .

Well, because of the nature and circumstances of the instant crime and because of the fact that you have a significant criminal history and because of the fact that you did commit this crime while on probation for other crimes, the court is going to impose the ten-year indeterminate term, the court is going to run it consecutive to the probation violation matter, so for an effective term not to exceed seventeen years.

But the court is going to give you a mandatory minimum on the new charge of fifty percent. And hopefully that will make the point but, at the same time, give you an opportunity to get out in a reasonable period of time if you behave yourself and you're not a behavioral problem in prison.

Of course, that's nothing that the court has any control over. That will be the parole board. But hopefully that will give you a light at the end of the tunnel.

. . . .

So that's going to be the court's sentence: Ten years on the new charge subject to the mandatory minimum of fifty percent but consecutive with the probation violation matters.

Bragg appeals the sentence. He does not dispute that the sentence imposed fell within the statutory parameters; rather, he asserts the district court considered an improper factor in determining what sentence it should impose. He requests that we reverse and remand his case for resentencing.

The supreme court has expressed three different standards of review when a defendant challenges his or her sentence on appeal—abuse of discretion, errors at law, and de novo. *State v. Seats*, 865 N.W.2d 545, 552-53 (Iowa 2015). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). Reliance on an impermissible sentencing factor is a defect in the sentencing proceeding. *See id.* Use of an impermissible sentencing factor is an abuse of discretion that requires resentencing. *See State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005). "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018). Because of the strong presumption in favor of a district court's sentencing decision, we will neither assume nor infer the district court relied on an impermissible factor without clear evidence in the record to the contrary. *See Formaro*, 638 N.W.2d. at 725.

Bragg maintains the court considered an impermissible sentencing factor: "[T]he district court . . . decided to run Bragg's sentence consecutively for the purpose of impacting the Board of Parole's ability to release him at an earlier date." In support of his argument, Bragg notes the prosecutor, in making the State's sentencing recommendation, stated to the court:

The other provision of the plea agreement is that the parties are free to argue whether this would, as the default situation under the law, be consecutive to the probation violation which was previously adjudicated some months ago or concurrent with that, which is within the court's discretion.

It may or may not make any difference in the amount of time this defendant actually serves. I don't think it would if he behaves himself in prison.

However, I think it would be imprudent to make them concurrent in view of the fact that this is a subsequent and entirely separate offense, and making them concurrent would effectively wipe out the previous sentence for which he was revoked for violating his probation.

It is true that judicial sentencing decisions cannot be used to circumvent the board of parole's sole authority to make parole decisions. *See State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977). However, it does not appear to us that the district court in this case tried to "circumvent" the parole system by selecting a sentence that would deprive the parole board of discretion it would otherwise have. *See id.* As set out above, the court gave a very detailed explanation of its reasons for imposing the sentences consecutively. Importantly, as the State notes, it was within the court's discretion to set the mandatory minimum at seventy percent rather than fifty percent if the court wanted Bragg to spend more time in prison.

Upon our review, we find the district court did not abuse its discretion in its decision to require that the ten-year term of incarceration for the second-degree-robbery conviction be served consecutive to Bragg's other sentence. Accordingly, we affirm Bragg's sentence.

**AFFIRMED.**