# IN THE COURT OF APPEALS OF IOWA

No. 18-1504
Filed December 18, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD RICHARD CHAPMAN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

        Chad Chapman appeals following his guilty plea to child endangerment.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J.

Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

The State originally charged Chad Chapman with two counts of second-degree sexual abuse of a child under the age of twelve. In time, the State amended the charge to child endangerment, an aggravated misdemeanor. *See* Iowa Code § 726.6(1), (7) (2017). Chapman entered an *Alford* plea[1] to the charge based on the same minutes of testimony supporting the original charges. The district court adjudged Chapman guilty and filed a sentencing order that included the following dispositions: a special sentence committing Chapman to department of corrections custody for ten years, a "law enforcement initiative surcharge (if applicable)," restitution of fees and costs, and placement on the sex offender registry.

On appeal, Chapman argues the district court erred in (1) imposing the special sentence and law-enforcement-initiative surcharge; (2) ordering restitution of court costs "without first determining his reasonable ability to pay such costs"; and (3) determining his offense was sexually motivated, a predicate to placement on the sex offender registry.[2]

The State concedes error on the first point and agrees we must "vacate those parts of Chapman's sentence." *See id.* §§ 903B.2 (authorizing special sentence only for "[a] person convicted of a misdemeanor or a class 'D' felony offense under chapter 709, section 726.2, or section 728.12"), 911.3 (authorizing

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] Chapman also raised a fourth issue regarding attorney fees, but he withdrew the issue as "moot" following the filing of a district court order addressing the issue.

surcharge only for criminal violations under "a. Chapter 124, 155A, 453B, 713, 714, 715A, or 716" and "b. Section 719.7, 719.8, 725.1, 725.2, or 725.3").

Turning to the second issue, the supreme court recently addressed the timing of restitution orders and ability-to-pay determinations. *See State v. Albright*, 925 N.W.2d 144, 160–62 (Iowa 2019). The court stated, "Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay . . . . Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* Based on *Albright*, we vacate the order for payment of court costs pending completion of a final restitution order. *See id.* at 162–63.

That leaves us with the third issue—Chapman's placement on the sex offender registry. Iowa Code section 692A.126(1)(v) requires a person convicted "on or after July 1, 2009," of "[a]ny indictable offense in violation of chapter 726 if the offense was committed against a minor or otherwise involves a minor" to register as a sex offender "[i]f a judge or jury makes a determination, beyond a reasonable doubt, that [the] conviction [was] sexually motivated." "Sexually motivated" "means that one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." Iowa Code § 229A.2(10); *see also id.* § 692A.101(29) (adopting same definition). The district court found "beyond a reasonable doubt that the offense committed was sexually motivated within the meaning of [Iowa Code] [s]ection 692A.126." Chapman argues the "finding is not supported by substantial evidence."

We agree our review is for substantial evidence. That standard flows from the definition of "sexually motivated," which, as noted, requires a judge or jury

determination of sexual motivation by proof beyond a reasonable doubt, on par with findings supporting commission of the underlying offense. *See id.* § 692A.126(1)(v); *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) ("[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." (citing *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000))); *State v. Rodriguez*, No. 15-1002, 2016 WL 4051696, at *1 (Iowa Ct. App. July 27, 2018) (reviewing "sexually motivated" finding for substantial evidence). The standard requires us to view the evidence in the light most favorable to the State. *See State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019). At the same time, "[e]vidence raising only 'suspicion, speculation, or conjecture is not substantial.'" *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017) (citation omitted).

The State attempts to support the district court's finding of sexual motivation by pointing to the minutes of testimony which, as noted, contained information pertaining to the original sex abuse charges. In the State's view, *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998), allowed the court to rely on those minutes not just to find a factual basis for the underlying crime but also to make required findings at sentencing. We disagree.

In *Gonzalez*, the court stated the "minutes of testimony attached to a trial information *do not necessarily* provide facts that may be relied upon and considered by a sentencing court." 582 N.W.2d at 517 (emphasis added). The court continued, "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *Id.* (citation

omitted). And, the court stated, "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.*

The portions of the minutes recounting Chapman's alleged sexual abuse of the child were not necessary to support a factual basis for child endangerment, which is statutorily defined as follows:

> 1. A person who is the parent, guardian, or person having custody or control over a child or a minor under the age of eighteen with a mental or physical disability, or a person who is a member of the household in which a child or such a minor resides, commits child endangerment when the person does any of the following:
>> a. Knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety.

Iowa Code § 726.6(1); *cf. id.* §§ 709.1 (defining sexual abuse), 709.3 (defining second-degree sexual abuse). Accordingly, those portions of the minutes recounting sex acts were deemed denied by Chapman.

The prosecutor conceded as much. During the plea hearing, she informed the court of her intent to offer evidence of sexual motivation at sentencing and she predicted "the defense would counter it." Chapman's attorney confirmed the sexual motivation issue was in play. Indeed, at sentencing, he sought clarification that the court would not rely on the minutes to support the "sexually motivated finding." The following exchange is instructive:

> Your Honor, just for a clear record, the *Alford* plea agreement was that the Court would utilize the minutes of testimony for purposes of only establishing guilt or innocence and the parties would present evidence today regarding sex offender registry.

It's our position that the Court should not consider the minutes of testimony for that portion of it, but the Court is free to do, obviously, as it sees fit.

The court responded, "Even without the minutes of testimony, what was offered here today by the victim's mother is sufficient for me." The exchange confirms that the references to sex acts in the minutes of testimony were not admitted by the defense and could not be used to support a finding of sexual motivation. *See State v. Rigel*, No. 16-0576, 2017 WL 936135, at *5 (Iowa Ct. App. Mar. 8, 2017) ("To find that Rigel's crime was sexually motivated, the court necessarily had to rely on unproven information in the minutes of testimony. That is insufficient to establish proof beyond a reasonable doubt."); *State v. Mesenbrink*, No. 15-0054, 2015 WL 7075826, at *5 (Iowa Ct. App. Nov. 12, 2015) ("[W]e decline to permit the district court to rely upon the minutes of testimony to establish proof beyond a reasonable doubt, as necessary to satisfy Iowa Code section 692A.126, where the defendant agrees the minutes can be used 'to know what happened' yet later denies the portion of the minutes of testimony specifically relied upon by the district court.").

All that is left to support the finding is the statement of the child's mother referenced by the district court. Her victim impact statement was presented in the form of live testimony. In relevant part, she stated, "[A]t the least he touched my child" and, "I could tell you vivid things that he had done to her." These statements raise suspicions of sexual motivation but do not amount to substantial evidence.[3]

---

[3] In light of our conclusion that the statement does not amount to substantial evidence, we find it unnecessary to address Chapman's contention that victim impact statements may never be used to support a finding of sexual motivation.

We "remand with directions for the district court to enter an order to vacate the portion of its sentencing order requiring [Chapman] to register as a sex offender." *Mesenbrink*, 2015 WL 7075826, at *5. "Because it is possible that proof beyond a reasonable doubt could be shown, we also remand for further proceedings before a judge or jury in which the State might have an opportunity to establish that the crime of [child endangerment] was sexually motivated." *Id.* (citing *State v. Royer*, 632 N.W.2d 905, 909 (Iowa 2001)).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**