**IN THE COURT OF APPEALS OF IOWA**

No. 21-1198
Filed March 30, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KYLE AARON REDMOND,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Madison County, Thomas P. Murphy,

Judge.


Kyle Redmond appeals the sentence imposed upon his criminal conviction.

**AFFIRMED.**


Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


Considered by May, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

Kyle Redmond appeals the sentence imposed upon his conviction, following a guilty plea,[1] for serious injury by vehicle. He argues the sentencing court did not "sufficiently articulate reasons for the imposed sentence" and sentenced him "to prison without due consideration of mitigating factors." Our review is for an abuse of discretion, our most deferential standard of review. *See State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017).

On October 14, 2020, Redmond ran a stop sign and struck a motorcyclist. He was initially charged by trial information with driving while barred. A later amendment to the trial information added the charges of failing to stop at the scene of an accident and serious injury by vehicle. Pursuant to a plea agreement with the State, Redmond pleaded guilty to serious injury by vehicle, and the other two counts were dismissed. A presentence investigation report was prepared, which showed Redmond had multiple driving-related convictions.[2]

At the sentencing hearing, the State read a victim impact statement from the victim's wife detailing the tragic aftermath of Redmond's conduct. After doing so, the State agreed with the recommendation contained in the presentence investigation report and asked that Redmond be sentenced to an indeterminate term of imprisonment not to exceed five years. Redmond, on the other hand,

---

[1] The parties agree Redmond has "good cause" to appeal because he is challenging a non-mandatory, contested sentence instead of his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

[2] Redmond conceded the presentence investigation report was accurate, adding only that he had been participating in mental-health treatment. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (holding the sentencing court was free to consider unchallenged matters in a presentence investigation report).

requested a suspended sentence and probation, generally highlighting his remorse for the crime.

In reaching its sentencing decision, the district court stated as follows:

> I've considered your age, your prior record and additional record, your employment circumstances, your family circumstances, and the nature of this offense. I've considered what I'm going to do in light of protection of the community from further offenses by you and the sentence that provides the maximum opportunity for rehabilitation.
> I think you need, based upon what I've read in the minutes and the . . . presentence investigation [report], some mental health treatment. Which I understand you're getting. Yet, I cannot unduly depreciate the seriousness of this offense; and I must protect the public.
> You've said that you have ruined your life and that of your children. I do not believe your life is ruined. I believe you are a young man. You have plenty of opportunity. If you're ruining your life, it's by continuing to drive when your license is barred. I think you're in need of correctional assistance best served by confinement.
> [The victim's and his wife's] li[ves] will never be the same. I don't think [the victim's] life is ruined, but if a guy can't farm and do the things he loves, it's certainly not where it was.

Based on these considerations, the court imposed an indeterminate term of imprisonment not to exceed five years. In its written sentencing order, the court added that it considered Redmond's characteristics; family and financial circumstances; criminal and social history; the harm to the victim, his family, and the community; the plea agreement; and any applicable mitigating circumstances.

Redmond nevertheless argues that the district court abused its discretion by failing "to sufficiently articulate reasons for the imposed sentence," asserting the "court cited vague considerations for the imposed sentence, including age, prior record, and nature of the offense," but "failed to explain how those considerations, in light of the specific circumstances of the case, guided the court's decision."

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'" *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

Here, the district court expressly noted its consideration of the pertinent sentencing factors. *See* Iowa Code §§ 901.5, 907.5(1). Upon our review, we find the district court's cursory explanation sufficient to allow appellate review of the court's discretionary action and conclude the court provided sufficient reasons for its sentencing decision. *See Jacobs*, 607 N.W.2d at 690.

Turning to Redmond's claim that the district court abused its discretion by sentencing him "to prison without due consideration of mitigating factors," Redmond argues the court improperly "considered the nature of the offense alone." He agrees the court noted various mitigating circumstances but asserts that "in reviewing the district court's rationale, it is clear that the only factor that mattered was the nature of the offense." The record belies his claim. As noted, the court expressly considered multiple sentencing factors, including mitigating circumstances, and it did not limit its consideration to the nature of the offense. And the court was not required to state specific reasons for rejecting particular sentencing options, *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996), nor was the court "required to specifically acknowledge each claim of mitigation," *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Finding no abuse of discretion, we affirm the sentence imposed.

**AFFIRMED.**