# IN THE COURT OF APPEALS OF IOWA

No. 25-0283
Filed September 17, 2025

STATE OF IOWA,
        Plaintiff-Appellee,

vs.

VICTOR COLE SWAI,
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, Judge.


        Victor Swai appeals his sentence for assault causing bodily injury. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Allison Linafelter, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.


        Considered by without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Victor Swai appeals his sentence following his guilty plea to assault causing bodily injury. He alleges the district court (1) considered improper sentencing factors and (2) did not explain its reasons for the sentence imposed. Because we find no abuse of discretion, we affirm.

## I. Background Facts and Proceedings

On July 2, 2024, Swai followed two individuals in his car to a park in Mason City. Once the individuals stopped, Swai exited his car and yelled a threat at one of the young men in the other car. A fight ensued between Swai and one of the men. Swai punched the man in the face. The man went to the hospital as his teeth were broken and falling out, he was throwing up blood, and he had a concussion. The State filed a trial information charging Swai with assault causing bodily injury in violation of Iowa Code sections 708.1(2) and 708.2(2) (2024).

Swai pleaded guilty as charged in the trial information. In his guilty plea, he admitted:

> On or about July 2nd, 2024, in this county, I did the following: I did an act, without justification, which was intended to result in physical contact which would be insulting or offensive to another, coupled with the apparent ability to execute the act; or an act which was intended to place another in fear of immediate physical contact which would be painful, injurious, insulting, or offensive coupled with the apparent ability to execute the act. My act caused bodily injury.

As part of the written guilty plea, Swai agreed the district court could consider the minutes of testimony to support the factual basis for the guilty plea. At sentencing, Swai requested a deferred judgment, and the State asked the court to impose one year in the Cerro Gordo County Jail with all but seven days suspended and one

year of probation. The district court declined Swai's request for a deferred judgment by stating:

> I'm not sure what brought this situation about, okay? But your decision or momentary thing, or, you know, however it was termed here has lasting implications for other people, not just, you know, recovering from the pain of it, but things that could last forever, like not having teeth. I've heard absolutely no justification for this whatsoever, and, to be honest, anything that I could hear would not justify it. You cannot interact with people this way. I know that you're young; I know that from an adult criminal history you don't have anything previously, but this goes beyond a lapse of judgment. You know, you jumped a kid in the wherever you were, the park, and inflicted some pretty significant injuries here. That is unacceptable, and I understand all the reasons that you want to ask for a deferred judgment, but I'm not granting it. It's not appropriate.

The district court imposed the one-year jail term with all but seven days suspended but allowed Swai to serve his term on weekends. The court also imposed a two-year term of probation. Swai filed a timely appeal.[1]

## II. Discussion

### a. Improper Sentencing Factors

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). The district court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3). However, the parties agree, and we find there is good cause for appeal from discretionary sentence rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

A court cannot consider unproven facts or unprosecuted offenses in fashioning a defendant's sentence. *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). This includes the information in the minutes of testimony unless the facts "are admitted to or otherwise established as true." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). "Where portions of the minutes [of testimony] are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). Swai has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

Swai argues the district court considered improper sentencing factors because it considered the minutes of testimony's description of the victim's injuries and described them as "significant." He contends the district court could not consider the exact nature of the injuries and, after its review of the minutes of testimony, implied they were serious injuries. But "'[s]erious injury' is a term of art in Iowa criminal law." *State v. Carter*, No. 13-0484, 2014 WL 69755, at *2 (Iowa Ct. App. Jan. 9, 2014). Iowa Code section 702.18 defines it as either a "disabling mental illness" or "bodily injury which does any of the following: (1) Creates a substantial risk of death[;] (2) Causes serious permanent disfigurement[; or] (3) Causes protracted loss or impairment of the function of any bodily member or organ." Significant injury is not similarly defined.

Swai advances this argument relying on two of our unpublished cases. *See State v. Cubbage*, No. 23-1156, 2024 WL 2043156, at *3 (Iowa Ct. App. May 8, 2024); *Carter*, 2014 WL 69755, at *3. In both cases the defendant was charged with willful injury causing serious injury and entered a guilty plea to willful injury causing bodily injury. The district court referred to "serious injury" several times during the sentencing hearings. In those circumstances, we reversed because a district court cannot rely on unproven and unprosecuted charges "unless the defendant admits them or facts are presented to prove them." *State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021). We find Swai has not made a sufficient showing here.

First, Swai argues the district court should not have considered the nature of the injuries in the minutes of testimony. But in his guilty plea, Swai consented to the district court's use of the minutes of testimony to determine if a factual basis existed. The description of the victim's injuries in the minutes of testimony was necessary to establish a factual basis for the bodily injury element of the assault charge. As a result, the court could consider those injuries in sentencing Swai. *See Gonzalez*, 582 N.W.2d at 517.

Second, we find Swai has not established the district court considered improper factors. The district court told Swai he "inflicted some pretty significant injuries here." Swai has not carried his burden to show "significant" is being used as a facsimile for "serious." The district court's comment can be reasonably interpreted to describe the bodily injury Swai inflicted. We find the district court did not rely on improper sentencing factors.

*b. Explanation of Sentence*

Next, Swai alleges the district court failed to adequately explain its sentencing decision. This argument also fails as "a sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018) (citation omitted). The district court's reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

At the sentencing hearing, the district court made the following statement prior to announcing its sentence:

> Mr. Swai, at the time of sentencing I'm required to impose a sentence that I feel is appropriate to meet your needs for rehabilitation and also to do what's necessary to protect the community and your specific victim from further offenses by you or by others. A number of things factor into that: Your age; any prior criminal history; your employment, family, and personal circumstances I've been made aware of; the nature of the offense; the recommendation of the parties; and anything else I've learned about you throughout the proceedings.

The district court provided sufficient explanation of the reasons selecting Swai's sentence to show it properly exercised its discretion. *See Formaro*, 638 N.W.2d at 724–25.

## III. Conclusion

Because we find the district court did not consider an improper sentencing factor and gave adequate explanation for its sentence, we affirm.

**AFFIRMED.**